IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAUNA ZIEMER, as Executrix :
of the Estate of Darrin E. Ziemer, :
         :
    Plaintiff   :
         :
  v.      :
         : CIVIL ACTION 4:16-CV-01001-MWB
NORFOLK SOUTHERN RAILWAY :
COMPANY, CLINTON TOWNSHIP, :
GRIFFITH COMPANY AND THE :
ESTATE OF HOWARD E. MARTIN, JR., :
         :
    Defendants :

## ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS OF NORFOLK SOUTHERN RAILWAY COMPANY, DEFENDANT

AND NOW comes Norfolk Southern Railway Company, (hereinafter

"Norfolk Southern" unless otherwise designated), Defendant, by their attorneys

NAUMAN, SMITH, SHISSLER & HALL, LLP, and files the following Answer

with Affirmative Defenses and Crossclaims to the Complaint of Plaintiff as

follows:

1

1.      Denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

2.      Denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

3.      Denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

4.      Denied as stated.  Norfolk Southern Railway Company is a Virginia corporation with its principal place of business located at Three Commercial Place, Norfolk, VA 23510-9242.

5.      Denied.  Norfolk Southern possesses and maintains a line of track and right of way known as the Buffalo Line, a portion of which passes through Clinton Township, Lycoming County, Pennsylvania.

6.      Denied as stated.  It is admitted that on August 15, 2014, Norfolk Southern was operating on tracks located upon its right of way known as the Buffalo Line traveling through Clinton Township, Lycoming County, Pennsylvania.  It is further admitted that the train traveled through a rail-highway

crossing at-grade crossing designated by the U.S. Department of Transportation as No. 5276744M.

7.      Upon information and belief, admitted.

8.      Denied as stated.   It is admitted the public roadway traversing Norfolk Southern Railway Company's tracks and right of way is a public roadway known as Brick Church Road.  Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of the remaining averments, and proof thereof is demanded.

9.      Upon information and belief, admitted.

10.      Admitted that Howard E. Martin, Jr. is deceased.   The remaining averments of paragraph 10 are denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

11.      The averments in paragraph 11 are denied as legal conclusions.

12.      Denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

13.      Denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

3

14.    Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments, and proof thereof is demanded.

15.    Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments and proof thereof is demanded.

16.    Denied as stated.  The answer to paragraph 6 is incorporated herein by reference.

17.    Denied.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  By way of further answer, the averments in paragraph 17 are denied as legal conclusions.

18.    Admitted in part and denied in part.  It is admitted that Howard E. Martin, Jr., was involved in a train/vehicle collision on August 15, 2014 at a railroad crossing on Brick Church Road.  The remaining averments of paragraph 18 are denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments, and proof thereof is demanded.

19.     Admitted in part and denied in part.  It is admitted that Howard E. Martin, Jr., was involved in a train/vehicle collision on August 15, 2014 at a railroad crossing on Brick Church Road.  The remaining averments of paragraph 18 are denied, as after reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments, and proof thereof is demanded.

20.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments, and proof thereof is demanded.

21.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to these averments, and proof thereof is demanded.

## COUNT ONE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

22.     The answers to the proceeding paragraphs1-21 above are incorporated herein by reference.

23.     Denied.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk

Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff. By way of further answer, the averments in paragraph 23 contain legal conclusions to which no responsive pleading is required.

24.     Denied. Norfolk Southern did not own, operate, inspect or maintain or possess any land, roadway, warning signs or other appurtenances outside of its right of way. By way of further answer, any maintenance responsibilities with regard to the grade crossing, its approaches and warning signs located there were under and subject to the exclusive jurisdiction of the Pennsylvania Public Utility Commission and, to the best of Norfolk Southern' knowledge, any and all signage and the general configuration of the crossing itself fully complied with any and all applicable orders of the Pennsylvania Public Utility Commission. By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff. By way of further answer, the averments in paragraph 24 contain legal conclusions to which no responsive pleading is required.

25.     The averments in paragraph 25 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  By way of additional answer, the answer set forth in paragraph 24 above is herein incorporated by reference.

26.     The averments in paragraph 26 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  By way of additional answer, the answer set forth in paragraph 24 above is herein incorporated by reference.

27.     The averments in paragraph 27 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  By way of further answer, any

maintenance responsibilities with regard to the grade crossing, its approaches and warning signs located there were under and subject to the exclusive jurisdiction of the Pennsylvania Public Utility Commission and, to the best of Norfolk Southern's knowledge, any and all signage and the general configuration of the crossing itself fully complied with any and all applicable orders of the Pennsylvania Public Utility Commission.

28.     The averments in paragraph 28 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.

29.     The averments in paragraph 29, including subparagraphs (a) through (g) are denied.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  The averments in paragraph 29 (a) through (g) are legal conclusions to which not responsive pleading is required.

30.     The averments in paragraph 30 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  By way of additional answer, the answer set forth in paragraph 24 above in herein incorporated by reference.

31.     The averments in paragraph 31 are denied as legal conclusions.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.

32.     The averments in paragraph 32, including subparagraphs (a) through (j) are denied.  By way of further answer, at all times relevant hereto, Norfolk Southern, its agents, servants and employees acted in a reasonable and prudent manner under the circumstances and, no act or omission of Norfolk Southern, its agents, servants or employees caused or contributed in any manner to the accident and the subsequent injuries and damages alleged by Plaintiff.  The averments in

paragraph 32 (a) through (j) are legal conclusions to which not responsive pleading is required.

33.     Denied.  It is denied that Plaintiff is entitled to any aware of damages of any type against Norfolk Southern under any statutory or common law basis. The averments in paragraph 33 are further denied as legal conclusions.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count One of her Complaint.

### COUNT TWO
### SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

34.     The answers to proceeding paragraphs 1-33 above are incorporated herein by reference.

35.     Denied.  It is denied that Plaintiff is entitled to any aware of damages of any type against Norfolk Southern under any statutory or common law basis. The averments in paragraph 35 are further denied as legal conclusions.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate

of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Two of her Complaint.

## COUNT THREE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

36.     The answers set forth in the proceeding paragraphs 1-35 above are incorporated herein by reference.

37-44.       The averments in paragraphs 37 through and including 44 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Three of her Complaint.

## COUNT FOUR
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

45.     The answers set forth in the proceeding paragraphs 1-44 above are incorporated herein by reference.

46.     The averments in paragraph 46 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

WHEREFORE, Norfolk Southern Corporation d/b/a Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Four of her Complaint.

## COUNT FIVE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

47.     The answers set forth in the proceeding paragraphs 1-46 above are incorporated herein by reference.

48-50.     The averments in paragraphs 48 through and including 50 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Five of her Complaint.

## COUNT SIX
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

51.     The answers set forth in the proceeding paragraphs 1-50 above are incorporated herein by reference.

52.     The averments in paragraph 52 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Six of her Complaint.

## COUNT SEVEN

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.

53.     The answers set forth in the proceeding paragraphs 1-52 above are incorporated herein by reference.

54-55.     The averments in paragraphs 54 through and including 55 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

13

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Seven of her Complaint.

## COUNT EIGHT
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.

56.     The answers set forth in the proceeding paragraphs 1-55 above are incorporated herein by reference.

57.     The averments in paragraph 57 are directed to a party defendant other than Norfolk Southern, therefore, no responsive pleading of Norfolk Southern is required.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in Count Eight of her Complaint.

## FIRST AFFIRMATIVE DEFENSE

58.     Plaintiff has failed to state a claim under applicable Pennsylvania law upon which relief may be granted.

14

## SECOND AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred or subject to reduction pursuant to any and all applicable releases.

## FOURTH AFFIRMATIVE DEFENSE

61.     The injuries suffered by Plaintiff's decedent, either directly or derivatively, were caused, either in whole or in part, by the negligence of Plaintiff's decedent.

## FIFTH AFFIRMATIVE DEFENSE

62.     Plaintiff's decedent knew, or reasonably should have known, that there were white, reflectorized crossbuck warning signs facing the direction from which he allegedly approached the crossing at the time of the accident, warning of the existence of the crossing and potentially approaching trains and said devices were operating properly before and at the time of the accident.

## SIXTH AFFIRMATIVE DEFENSE

63.     As the train approached the Brick Church Road crossing, it had its headlight on bright, its warning ditch lights oscillating, its horn blowing and its bell ringing warning of its approach and said warnings were plainly visible and audible to Plaintiff's decedent.

### SEVENTH AFFIRMATIVE DEFENSE

64.    Plaintiff's decedent failed to stop, listen and/or look for approaching trains as he rode towards the crossing and failed to heed the visible and audible warnings given in advance of the train's approach to the crossing and /or to direct the driver of the vehicle in which he was traveling, if not the driver himself, to do so.

### EIGHTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred, either in whole or in part, by the doctrines of federal and/or state preemption.

### NINTH AFFIRMATIVE DEFENSE

66.    At all times relevant hereto, Norfolk Southern complied with any and all orders and regulations pertaining to the type, design, location and maintenance of the crossbuck warning devices located at the crossing as set forth in the applicable orders of the Pennsylvania Public Utility Commission, the governmental body having exclusive jurisdiction over public highway rail crossings, thus, Plaintiff's claims are barred by the doctrine of state preemption.

### TENTH AFFIRMATIVE DEFENSE

67.    Federal funds participated in the installation and/or maintenance of the warning devices at the crossing, including but not limited to, the reflectorized crossbucks located there and the other reflective devices or materials on the posts

upon which the reflectorized crossbucks were mounted, thus Plaintiff's claims are barred by the doctrine of federal preemption.

## ELEVENTH AFFIRMATIVE DEFENSE

68.   Plaintiff's claims are precluded and/or limited, as applicable by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Laws.

## TWELFTH AFFIRMATIVE DEFENSE

69.   The injuries which Plaintiff asserts and the damages alleged to have resulted therefrom or caused, either in whole or in part, by persons or entities other than Norfolk Southern over which Norfolk Southern have no dominion nor control nor duty to exercise such.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.   The acts or omissions of said persons or entities were intervening and/or superseding causes of Plaintiff's decedent's alleged injuries and damages alleged to have resulted therefrom.

## FOURTEENTH AFFIRMATIVE DEFENSE

71.   The roadways and the approaches to the crossing, including private property bordering the roadway and railroad right of way, are not controlled, owned or maintained by Norfolk Southern, and Norfolk Southern have no duty nor right to exercise such right or control over these roadways, approaches and adjoining lands.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

72.   Upon information and belief, Plaintiff's decedent had been working in the area where the crossing was located and had traveled over the crossing, including in a southbound direction, numerous times prior to this accident and was aware, or reasonably should have been aware that trains used the tracks at the crossing at no set time.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Shauna Ziemer, as the Executrix of the Estate of Darren E. Ziemer, Plaintiff, as to any and all claims set forth in her Complaint.

## CROSSCLAIM PURSUANT TO
## F.R.C.P. 13

## NORFOLK SOUTHERN RAILWAY COMPANY vs.
## CLINTON TOWNSHIP

73.   The answers and affirmative defenses set forth in the proceeding paragraphs are incorporated herein by reference.

74.   Without admitting same and while specifically denying same, Norfolk Southern herein incorporate by reference the allegations of Plaintiff's Complaint as though fully set forth herein.

75.     In the event it is determined that Plaintiff is entitled to an award of damages as a result of the incident complained of, said allegations being specifically denied by Norfolk Southern, then Clinton Township, is solely liable to Plaintiff for said injuries and resulting damages and/or alternatively, if it is determined that Norfolk Southern are liable to Plaintiff for the injuries and damages complained of, said liability being specifically denied by Norfolk Southern, then Clinton Township is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Clinton Township that it is solely liable to Plaintiff, or alternatively, that it is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

## CROSSCLAIM PURSUANT TO
## F.R.C.P. 13

## NORFOLK SOUTHERN RAILWAY COMPANY vs.
## GRIFFITH COMPANY

76.     The answers and affirmative defenses set forth in the proceeding paragraphs are incorporated herein by reference.

77.     Without admitting same and while specifically denying same, Norfolk Southern herein incorporate by reference the allegations of Plaintiff's Complaint as though fully set forth herein.

78.     In the event it is determined that Plaintiff is entitled to an award of damages as a result of the incident complained of, said allegations being specifically denied by Norfolk Southern, then Griffith Company, is solely liable to Plaintiff for said injuries and resulting damages and/or alternatively, if it is determined that Norfolk Southern are liable for Plaintiff for the injuries and damages complained of, said liability being specifically denied by Norfolk Southern, then Griffith Company is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against Griffith Company that it is solely liable to Plaintiff, or alternatively, that it is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

## CROSSCLAIM PURSUANT TO
## F.R.C.P. 13

## NORFOLK SOUTHERN RAILWAY COMPANY vs.
## ESTATE OF HOWARD E. MARTIN, JR.

79.     The answers and affirmative defenses set forth in the proceeding paragraphs are incorporated herein by reference.

80.     Without admitting same and while specifically denying same, Norfolk Southern herein incorporate by reference the allegations of Plaintiff's Complaint as though fully set forth herein.

81.     In the event it is determined that Plaintiff is entitled to an award of damages as a result of the incident complained of, said allegations being specifically denied by Norfolk Southern, then the Estate of Howard E. Martin, Jr., is solely liable to Plaintiff for said injuries and resulting damages and/or alternatively, if it is determined that Norfolk Southern are liable for Plaintiff for the injuries and damages complained of, said liability being specifically denied by Norfolk Southern, then the Estate of Howard E. Martin, Jr. is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

WHEREFORE, Norfolk Southern Railway Company, Defendant, demands judgment in their favor and against the Estate of Howard E. Martin, Jr., that it is solely liable to Plaintiff, or alternatively, that it is jointly and/or severally liable to Plaintiff and liable over to Norfolk Southern for contribution and/or indemnity.

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

By:   s/Craig J. Staudenmaier

    **Craig J. Staudenmaier, Esquire**
    Supreme Court ID# 34996
    **Joshua D. Bonn, Esquire**
    Supreme Court ID# 93967
    200 North Third Street, P. O. Box 840
    Harrisburg, PA  17108-0840

    Counsel for Norfolk Southern Railway
    Company, Defendant

Date:  July 22, 2016

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of an **Answer with Affirmative Defenses and Crossclaims of Norfolk Southern Corporation, d/b/a Norfolk Southern Railway Company** upon the persons and in the following manner: United States First Class Mail, Postage Prepaid.

Bernard F. Cantorna, Esquire
Bryant & Cantorna, P.C.
1901 East College Avenue
State College, PA 16801
*(Counsel for Plaintiff)*

David J. MacMain, Esquire
The MacMain Law Group, LLC
191 Lindenwood Drive., Ste 160
Malvern, PA 19355
*(Counsel for Clinton Township)*

Gary L. Weber, Esquire
Mitchell, Mitchell, Gallagher, Weber
Southard & Wishard, P.C.
10 W. Third St.
Williamsport, PA 17701
*(Counsel for Estate of Howard E. Martin, Jr.)*

Andrew J. Connolly, Esquire
Post & Schell
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
*(Counsel for Griffith Company)*

s/Judy A. Imes
Judy A. Imes

Date: July 22, 2016