## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION DOCKET NO. 4:16-cv-01001 |
| NORFOLK SOUTHERN RAILWAY COMPANY, CLINTON TOWNSHIP, GRIFFITH COMPANY AND ESTATE OF HOWARD E. MARTIN, JR. | : : : : : : | |
| Defendants. | : : | |

---

## DEFENDANT CLINTON TOWNSHIP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANTS NORFOLK SOUTHERN RAILWAY COMPANY, GRIFFITH COMPANY, AND ESTATE OF HOWARD E. MARTIN, JR.

Defendant Clinton Township (hereinafter "the Township" or "Answering Defendant"), by and through its attorneys, The MacMain Law Group, LLC, hereby answer Plaintiff Shauna Ziemer's Complaint as follows, denying each and every averment except as expressly admitted below:

### PARTIES AND JURISDICTION

1-3.    Admitted upon information and belief.

4.    The averments of paragraphs 4 are not directed to the Township, and

accordingly, no response is required and the averments are hereby denied.

5-6.   The averments of paragraphs 5-6 are not directed to the Township, and accordingly, no response is required. However, if and to the extent a response is required, the Township believes, upon information and belief, that the train at issue, the railroad grade crossing at issue and the signage at the railroad crossing at issue were owned, possessed, maintained and controlled by Norfolk Southern Railway. The remaining averments of paragraphs 5-6 are denied.

7.   Admitted.

8.   The averments in this paragraph are conclusions of law to which no response is required and, accordingly, they are hereby denied.

9.   The averments in this paragraph are not directed to the Township, and accordingly, no response is required and the averments are hereby denied.

10.   Admitted upon information and belief.

11.   Admitted in part, denied in part. It is admitted only that jurisdiction properly lies with This Court. The remaining averments of paragraph 11 are denied.

12-13.  Admitted in part, denied in part. The Township admits, upon information and belief, that on August 15, 2014, Howard E. Martin, Jr. was traveling on Brick Church Road approaching the Norfolk Southern railroad crossing, and that Howard E. Martin, Jr. was operating a rental truck. The

remaining averments of paragraphs 12-13 are denied as the Township, after reasonable investigation, does not have sufficient information at this time to admit that said details and averments are true.

14.     Admitted upon information and belief.

15-19.  Admitted in part, denied in part. The Township admits upon information and belief that there was a collision between the motor vehicle in which Plaintiff's decedent was a passenger, and a train owned and operated by Norfolk Southern; that Plaintiff's decedent and Howard E. Martin, Jr. were transported to a hospital and later died. The remaining averments of paragraphs 15-19 are denied as the Township, after reasonable investigation, does not have sufficient information at this time to admit that said details and averments are true.

20-21.  The averments in these paragraphs are conclusions of law to which no response is required and, accordingly, they are hereby denied.

**COUNT ONE – NEGLIGENCE**
**Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.**
**<u>Norfolk Southern Railway Company</u>**

22.     The Township hereby incorporates by reference its answers to paragraphs 1 through 21 above as though each were set forth fully at length herein.

23-33. The averments of these paragraphs and each of their subparts are directed to a party other than the Township and, accordingly, no response is

3

required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## COUNT TWO – SURVIVAL
### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. <u>Norfolk Southern Railway Company</u>

34.     The Township hereby incorporates by reference its answers to paragraphs 1 through 33 above as though each were set forth fully at length herein.

35. The averments of this paragraph are directed to a party other than the Township and, accordingly, no response is required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## COUNT THREE – NEGLIGENCE
### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. <u>Clinton Township</u>

36.     The Township hereby incorporates by reference its answers to paragraphs 1 through 35 above as though each were set forth fully at length herein.

37-43.  The averments in these paragraphs and each of their subparts are conclusions of law to which no response is required and, accordingly, they are

hereby denied.

44.     The averments of this paragraph constitute a prayer for relief to which no responsive pleading is required. By way of further response, The Township denies that Plaintiff is entitled to relief.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## COUNT FOUR – SURVIVAL
### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

45.     The Township hereby incorporates by reference its answers to paragraphs 1 through 44 above as though each were set forth fully at length herein.

46.     The averments of this paragraph constitute a prayer for relief to which no responsive pleading is required. By way of further response, The Township denies that Plaintiff is entitled to relief.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## COUNT FIVE
### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

47.     The Township hereby incorporates by reference its answers to paragraphs 1 through 46 above as though each were set forth fully at length herein.

48-50. The averments of these paragraphs are directed to a party other than the Township and, accordingly, no response is required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## COUNT SIX - SURVIVAL
### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

51.     The Township hereby incorporates by reference its answers to paragraphs 1 through 50 above as though each were set forth fully at length herein.

52. The averments of this paragraph are directed to a party other than the Township and, accordingly, no response is required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

**COUNT SEVEN**
**Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.**
**Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.**

53.     The Township hereby incorporates by reference its answers to paragraphs 1 through 52 above as though each were set forth fully at length herein.

54-55. The averments of these paragraphs are directed to a party other than the Township and, accordingly, no response is required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

**COUNT EIGHT - SURVIVAL**
**Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.**
**Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.**

56.     The Township hereby incorporates by reference its answers to paragraphs 1 through 55 above as though each were set forth fully at length herein.

57. The averments of this paragraph are directed to a party other than the Township and, accordingly, no response is required, and the averments are hereby denied.

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

## JURY TRIAL DEMANDED

The Township acknowledges that Plaintiff has demanded a jury trial in this matter.

## AFFIRMATIVE DEFENSES

The Township has not yet obtained adequate discovery from Plaintiff in connection with this action to fully understand Plaintiff's Complaint and, therefore, the Township reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of FED. R. CIV. P. 8(c), and without conceding that any such defense must be set forth in its Answer, the Township states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Township owed no duty to Plaintiff or Plaintiff's decedent under any statutory and/or common law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are barred, or otherwise limited, by the application of the doctrine of contributory or comparative negligence and/or

voluntary assumption of the risk.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are barred, or otherwise limited, by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. C.S. § 8541, *et seq*. All defenses therein are incorporated by reference as through fully set forth at length herein.

## FIFTH AFFIRMATIVE DEFENSE

The Township did not possess and/or control the train at issue, the railroad grade crossing at issue and/or the signage at the railroad crossing at issue as described more fully in Plaintiff's Complaint that Plaintiff alleges caused the injuries to Plaintiff's decedent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's decedent's injuries were not caused by a "dangerous condition" of any property that the Township owned, possessed, controlled, and/or maintained.

## SEVENTH AFFIRMATIVE DEFENSE

The Township did not have actual and/or constructive notice of the alleged "dangerous condition" as purported in Plaintiff's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto, the Township's actions were proper and reasonable under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of the Township were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

## TENTH AFFIRMATIVE DEFENSE

All affirmative defenses listed under Pa. R.C.P. 1030 are incorporated by reference as though fully set forth at length herein.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. § 7102.

## TWELFTH AFFIRMATIVE DEFENSE

No act, action, or omission of the Township was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff or Plaintiff's decedent, and this constitutes a complete defense to the within cause of action.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did the Township act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff or Plaintiff's decedent's health, safety and/or welfare.

## FOURTEENTH AFFIRMATIVE DEFENSE

The railroad crossing and intersection at issue were safe for their intended use.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Township is entitled to qualified, good faith, and/or absolute immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are barred, or otherwise limited, by the terms, provisions, immunities, and defenses set forth in the Federal Railroad Safety Act ("FRSA"), 84 Stat. 971, as amended, 49 U.S.C. § 20101, *et seq*. All defenses therein are incorporated by reference as through fully set forth at length herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are barred, or otherwise limited, by the terms, provisions, immunities, and defenses set forth in the Federal Railway-Highway Crossings Program. 23 U.S.C. § 130. All defenses therein are incorporated by reference as through fully set forth at length herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are barred, or otherwise limited, by the terms, provisions, immunities, and defenses contained in the several federal regulations governing railway crossings promulgated under the FRSA and the

11

Federal Railway-Highway Crossing Program including, but not necessarily limited to, 23 C.F.R. § 646.214(b) and 23 C.F.R. pt. 924. All defenses therein are incorporated by reference as through fully set forth at length herein.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or subject to reduction pursuant to any and all applicable releases.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded and/or limited, as applicable by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Laws.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the doctrines of federal and/or state preemption.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against the Township are subject to reduction pursuant to the statutory cap on the amount of damages that multiple plaintiffs may recover from a municipality based upon a single incident set forth in the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8553(b).

WHEREFORE, the Township respectfully requests that The Court enter judgment in its favor and against Plaintiff with an award of costs, attorneys' fees and all other relief This Honorable Court deems appropriate.

12

### DEFENDANT CLINTON TOWNSHIP'S CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANTS NORFOLK SOUTHERN RAILWAY COMPANY, GRIFFITH COMPANY, AND ESTATE OF HOWARD E. MARTIN, JR.

Defendant Clinton Township, by and through its attorneys, The MacMain Law Group, LLC, as provided for in FED. R. CIV. P. 13(g), hereby asserts the following cross-claim at common law against Norfolk Southern Railway Company, Griffith Company, and Estate of Howard E. Martin, Jr. (hereinafter collectively the "Cross-Claim Defendants"), and state as follows:

1. Without admitting the truth of such allegations, Defendant Clinton Township incorporates the allegations of Plaintiff's Complaint to the extent such allegations pertain to the Cross-Claim Defendants.

2. If it judicially determined that the allegations of Plaintiff's Complaint are true, said allegations being specifically denied as they relate to Defendant Clinton Township, then one or more of the Cross-Claim Defendants are alone liable to Plaintiffs, jointly or severally liable, or liable over to Defendant Clinton Township for indemnity and/or contribution.

WHEREFORE, Defendant Clinton Township hereby demands judgment in its favor and against Plaintiff together with attorney fees, costs and interest, and such other relief that This Court deems just and proper. In the alternative, if Defendant Clinton Township is found liable to Plaintiff, then the Cross-Claim Defendants, to the extent permitted by law and not barred by law or any order of

13

any court of competent jurisdiction, are jointly and severally liable and/or liable

over to Defendant Clinton Township, and Defendant Clinton Township demands

judgment against such Cross-Defendants together with awarded attorneys' fees,

costs and interest, and such further relief as The Court deems just and proper.

Respectfully submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: July 26, 2016          By:  /s/ David J. MacMain
                                   David J. MacMain, Esquire (I.D. No. 59320)
                                   101 Lindenwood Drive, Suite 160
                                   Malvern, Pennsylvania 19355
                                   (484) 318-7106
                                   *Attorney for Defendant Clinton Township*

## **CERTIFICATE OF SERVICE**

I, David J. MacMain, hereby certify that on this 26th day of July, 2016, the foregoing *Answer and Affirmative Defenses to Plaintiff's Complaint, and Cross-Claim for Contribution and/or Indemnification of Defendant Clinton Township* was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Middle District of Pennsylvania. The following parties received service as indicated below:

| **Via Electronic Notification** | **Via First Class Mail** |
|---|---|
| Bernard F. Cantorna, Esquire | Griffith Company |
| Bryant & Cantorna, P.C. | 3050 East Birch Street |
| 1901 East College Avenue | Brea, CA 92821 |
| State College, PA 16801 | |
| *Counsel for Plaintiff* | |
| | |
| Craig J. Staudenmaier, Esquire | |
| Joshua D. Bonn, Esquire | |
| Nauman, Smith, Shissler & Hall | |
| 200 N. Third St., P.O. Box 840 | |
| Harrisburg, PA 17108 | |
| *Counsel for Defendant Norfolk* | |
| *Southern Railway Company* | |
| | |
| Gary L. Weber, Esquire | |
| Mitchell Gallagher, P.C. | |
| 10 W. Third St. | |
| Williamsport, PA 17701 | **The MacMain Law Group, LLC** |
| *Counsel for Defendant* | |
| *Estate of Howard E. Martin, Jr.* | /s/ *David J. MacMain* |
| | David J. MacMain |