IN THE UNITED DATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAUNA ZIEMER, as Executrix    :
of the Estate of Darrin E. Ziemer,    :
    :
    Plaintiff    :
    : CIVIL ACTION
    v.    : DOCKET NO. 4:16-CV-01001
    :
NORFOLK SOUTHERN    :
RAILWAY COMPANY, CLINTON    :
TOWNSHIP, GRIFFITH    :
COMPANY AND ESTATE OF    :
HOWARD E. MARTIN, JR.    :
    :
    Defendants    :

## ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM OF ANGELA LYNNE MARTIN AS EXECUTRIX OF THE ESTATE OF HOWARD E. MARTIN, JR.

1.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

3.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Admitted that the parties are citizens of different states.  After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of this averment.

12.    Admitted except it is believed that Martin was traveling southbound at the time.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted except it is believed that the train was westbound.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

21.    After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

## Count I

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

22.    The averments of paragraphs 1 through 21 of this answer and affirmative defenses are incorporated herein by reference.

23-33.  These averments pertains to a defendant other than the answering defendant and no answer is required.

## Count II
## Survival

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

34.    The averments of paragraphs 1 through 33 of this answer and affirmative defenses are incorporated herein by reference.

35.    This averment pertains to a defendant other than the answering

defendant and no answer is required.

### Count III

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

36.    The averments of paragraphs 1 through 35 of this answer and affirmative defenses are incorporated herein by reference.

37-44.  These averments pertain to a defendant other than the answering defendant and no response is required.

### Count IV
### Survival

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

45.    The averments of paragraphs 1 through 44 of this answer and affirmative defenses are incorporated herein by reference.

46.    This averment pertains to a defendant other than the answering defendant and no response is required.

### Count V

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

47.    The averments of paragraphs 1 through 46 of this answer and affirmative defenses are incorporated herein by reference.

48.    Admitted.

49.    Denied.

50.    Admitted that plaintiff so seeks; denied that plaintiff is entitled to recover any such damages from the answering defendant or from his employer, Griffith Company.

### Count VI
### Survival

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer
### vs. Griffith Company

51.    The averments of paragraphs 1 through 50 of this answer and affirmative defenses are incorporated herein by reference.

52.    Admitted that plaintiff so seeks; denied that plaintiff is entitled to recover any such damages from the answering defendant or from his employer, Griffith Company.

### Count VII

### Shauna Ziemer as Executrix of the Estate of Darrin E Ziemer
### vs. Angela Lynne Martin, Executrix of the Estate of
### Howard E. Martin, Jr.

53.    The averments of paragraphs 1 through 52 of this answer and affirmative defenses are incorporated herein by reference.

54.    Denied.

55.    Admitted that plaintiff seeks said damages; denied that plaintiff is entitled to recover any such damages from the answering defendant.

*Count VIII*
*Survival*

**Shauna Ziemer as Executrix of the Estate of Darrin E Ziemer**
**vs. Angela Lynne Martin, Executrix of the Estate of**
**Howard E. Martin, Jr.**

56.   The averments of paragraphs 1 through 55 of this answer and

affirmative defenses are incorporated herein by reference.

57.   Admitted that plaintiff seeks said damages; denied that plaintiff

is entitled to recover any such damages from the answering defendant.

### AFFIRMATIVE DEFENSES

58.   Plaintiff's claims are barred or limited by the provisions of 75

Pa.C.S. §1722.

59.   At the time of his death, Howard E. Martin, Jr., was an

employee

of Griffith Company and he was working in the course and scope of his

employment.

60.   At the time of his death, plaintiff's decedent Darrin E. Ziemer

was employed by defendant Griffith Company and he was working for

defendant Griffith Company in the course and scope of his employment.

61.   Plaintiff's claim is barred by the co-employee immunity doctrine.

62.   Plaintiff's claim is barred by the provisions of 77 P.S. §72.

63.    Plaintiff's claim is barred by the provisions of California Labor Code §3601.

64.    Pursuant to the provisions of both the Pennsylvania Workers' Compensation Act and the California Labor Codes, the Estate of Howard E. Martin, Jr., is immune from suit for claims of negligence arising out of Howard Martin's employment with Griffith Company.

65.    The answering defendant is immune from suit.

66.    The suit may be barred by the statute of limitations.

67.    There is an Accord and Satisfaction in that plaintiff is received all

that she is entitled to receive pursuant to the Workers' Compensation Acts of both Pennsylvania and California.

68.    Plaintiff's claims are barred or limited by decedent's own negligence.

WHEREFORE, the answering defendant demands judgment in her favor and against plaintiff.

## CROSS CLAIM AGAINST NORFOLK SOUTHERN RAILWAY COMPANY AND CLINTON TOWNSHIP

69.    If plaintiff establishes that the allegations of the complaint against Norfolk Southern Railway Company and Clinton Township are accurate, then those defendants are solely liable to plaintiff.

70.    In the event that the answering defendant is obligated to make any payment as a result of this lawsuit due to the liability of defendants Norfolk Southern Railway Company and Clinton Township, said defendants are obligated to indemnify or to contribute to any payment under Pennsylvania Law.

WHEREFORE, Angela Martin as Executrix of the Estate of Howard E. Martin, Jr., demands judgment in her favor and against plaintiff, or in the alternative, against Norfolk Southern Railway Company and/or Clinton Township for indemnity and contribution.


**MITCHELL GALLAGHER, P.C.**


BY:___/s/ Gary L. Weber_____
        Gary L. Weber I.D. 37648
        Attorney for Estate of Howard Martin, Jr.
        10 West Third Street
        Williamsport PA 17701
        (570)323-8404
        (570)323-8585 facsimile
        glw@mitchellgallagher.com