**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHAUNA ZIEMER, | : | Case No. 4:16-CV-01001 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

November 15, 2016

Before the Court awaiting disposition is Defendant Griffith Company's

("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure

12(b)(6).  For the reasons that follow, this Motion to Dismiss will be granted.

## I.   BACKGROUND[1]

On May 26, 2016, Plaintiff Shauna Ziemer, as Executrix of the Estate of

Darrin E. Ziemer ("Plaintiff"), filed a Complaint in this Court against Defendants

Norfolk Southern Railway Company, Clinton Township, the Estate of Howard E.

Martin, Jr., and, most pertinently with regard to this pending Motion to Dismiss,

Griffith Company.[2]  The facts underlying this Complaint regard Darrin E. Ziemer's

---

[1]  For purposes of this Motion to Dismiss, the allegations presented in Plaintiff's Complaint will be taken as true, and all inferences will be construed in the light most favorable to Plaintiff.

[2]  ECF No. 1.

tragic death as a result of injuries sustained in a train collision on August 15, 2014. For purposes of clarity and brevity, the following factual recitation will be limited to Griffith Company's direct involvement in and its potential liability for said collision.  This involvement proceeds as follows.

On August 15, 2014, Darrin E. Ziemer and Howard E. Martin, Jr. were traveling northbound on Brick Church Road in Clinton Township, Lycoming County, Pennsylvania toward a Norfolk Southern railroad crossing.[3]  Mr. Martin was driving a vehicle rented by Defendant Griffith Company at or below the posted speed limit.[4]  Mr. Ziemer was a passenger in this vehicle as it approached the Norfolk Southern railroad crossing.[5]  Both Mr. Martin and Mr. Ziemer were employed by Defendant.[6]  Only Mr. Martin, however, is alleged to have been furthering the interests of Defendant at that time.[7]

Just as the vehicle operated by Mr. Martin reached the railroad crossing, a Norfolk Southern train traveling eastward reached the same location.[8]  At that

---

[3]  Compl. (ECF No. 1) ¶ 12, at 3.

[4]  Id. ¶¶ 13, 15, at 3.

[5]  Id. ¶ 14, at 3.

[6]  Id. ¶ 48, at 13.

[7]  Id.

[8]  Compl. ¶ 16, at 3.

moment, Mr. Martin attempted to cross at the designated railway crossing.[9]  In so doing, Mr. Martin both failed to keep watch concerning the presence of the train and failed to brake in sufficient time to avoid the crash.[10]  The vehicle was struck by the oncoming Norfolk Southern Train; Mr. Martin and Mr. Ziemer were both killed.[11]

The Complaint subsequently brought by Plaintiff Shauna Ziemer, the former wife and executrix of the Estate of Darrin E. Ziemer, contains eight counts against Defendants Norfolk Southern Railway Company, Clinton Township, Griffith Company, and the Estate of Howard E. Martin, Jr.  Directly pertaining to the instant Motion to Dismiss are Counts Five and Six in which Plaintiff alleges a wrongful death and survival action against Griffith Company.[12]  Defendant Griffith Company filed a Motion to Dismiss these two counts on July 20, 2016.[13]  This Motion has since been fully briefed by both parties,[14] and is now ripe for disposition.

---

[9]  Id. ¶¶ 18,

[10]  Id. ¶ 49, at 13.

[11]  Id. ¶¶ 18–19, at 4.

[12]  Compl. 13–14.

[13]  ECF No. 11.

[14]  See ECF Nos. 12, 23, & 40.

## II.   DISCUSSION
### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a
motion to dismiss for "failure to state a claim upon which relief can be granted."
Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation
by dispensing with needless discovery and factfinding."[15]  "Rule 12(b)(6)
authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[16]
This is true of any claim, "without regard to whether it is based on an outlandish
legal theory or on a close but ultimately unavailing one."[17]

Beginning in 2007, the Supreme Court of the United States initiated what
some scholars have termed the Roberts Court's "civil procedure revival" by
significantly tightening the standard that district courts must apply to 12(b)(6)
motions.[18]  In two landmark decisions, Bell Atlantic Corporation v. Twombly and
Ashcroft v. Iqbal, the Roberts Court "changed . . . the pleading landscape" by
"signal[ing] to lower-court judges that the stricter approach some had been taking

---

[15]  In re Hydrogen Peroxide Litigation, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.)
(quoting Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook,
J.)). Neitzke v. Williams, 490 U.S. 319, 326–27 (1989).

[16]  Neitzke, 490 U.S. at 326 (citing Hishon v. King & Spalding, 467 U. S. 69, 73 (1984)).

[17]  Neitzke, 490 U.S. at 327.

[18]  Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig.
313 (2012).

4

was appropriate under the Federal Rules."[19]  More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in <u>Conley v. Gibson</u> and replaced it with a more exacting "plausibility" standard.[20]

Accordingly, after <u>Twombly</u> and <u>Iqbal</u>, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[23]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[24]

The plausibility determination is "a context-specific task that requires the

---

[19]  550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, <u>supra</u> at 319–20.

[20]  <u>Iqbal</u>, 556 U.S. at 670 (citing <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)) ("[a]cknowledging that <u>Twombly</u> retired the <u>Conley</u> no-set-of-facts test").

[21]  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

[22]  <u>Iqbal</u>, 556 U.S. at 678.

[23]  <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 786 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[24]  <u>Twombly</u>, 550 U.S. at 556.

reviewing court to draw on its judicial experience and common sense."[25]   No

matter the context, however, "[w]here a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'"[26]

When disposing of a motion to dismiss, a court must "accept as true all

factual allegations in the complaint and draw all inferences from the facts alleged

in the light most favorable to [the plaintiff]."[27]   However, "the tenet that a court

must accept as true all of the allegations contained in the complaint is inapplicable

to legal conclusions."[28]   "After Iqbal, it is clear that conclusory or 'bare-bones'

allegations will no longer survive a motion to dismiss."[29]   "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice."[30]

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that:

Under the pleading regime established by Twombly and Iqbal, a court

---

[25] Iqbal, 556 U.S. at 679.

[26] Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (internal quotations omitted)).

[27] Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[28] Iqbal, 556 U.S. at 678 (internal citations omitted).

[29] Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[30] Iqbal, 556 U.S. at 678.

reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[31]

### B. Analysis

In its Motion to Dismiss, Defendant Griffith Company seeks dismissal of Plaintiff's claims against it based on two alternative theories. First, Defendant argues that Plaintiff's claims are barred by the Pennsylvania Workers' Compensation Act.[32]   Second, if this Court were to find that such claims are not barred, Defendant alternatively argues that Plaintiff's claims fail to meet the required standard of plausibility pleading.  The Court will address these arguments in separate subsections below.

1. <u>Plaintiff's Claims Are Not Barred by the Exclusivity Provision of the Pennsylvania Workers' Compensation Act.</u>

At this early stage of litigation, the Court cannot find that Plaintiff's negligence claims are barred based on the exclusivity provision of the Pennsylvania Workers' Compensation Act ("WCA").

This Act "grants employees the right to a fixed level of compensation for work-related injuries and, in return, exempts their employers from common law

---

[31] <u>Connelly</u>, 809 F.3d at 787 (internal quotations and citations omitted).

[32] 77 P.S. § 1 *et seq.*

liability for negligence."[33]  The WCA therefore acts as the exclusive remedy for employees injured during the "course of their employment."[34]  Injuries sustained within the "course of employment," as defined by Section 301(c)(1) of the WCA, include injuries occurring both on the employer's premises, and those occurring off-premises "while the employee is actually engaged in the furtherance of the business of the employer."[35]

In the matter at hand, both parties agree that Darrin E. Ziemer was fatally injured outside of the confines of Defendant's premises.  At issue, however, is whether Mr. Ziemer was "engaged in the furtherance of the business" of Defendant when the vehicle driven by Mr. Martin was hit by a Norfolk Southern train.  Reading the Complaint in light most favorable to Plaintiff, I find that Plaintiff has alleged enough facts for this Court to plausibly infer that Mr. Ziemer's injury occurred outside the scope of his employment with Defendant.

Plaintiff has alleged within his Complaint the following facts which lead the Court to this result.  First, Mr. Ziemer was traveling and not on Defendant's

---

[33]  Claudio v. MGS Mach. Corp., 798 F.Supp.2d 575, 580 (E.D.Pa. 2011) (quoting Mathis v. United Eng'rs & Constructors, Inc., 381 Pa.Super. 466, 554 A.2d 96, 101 (Pa.Super.Ct.1989)).

[34]  Kessler v. Monsour, 865 F.Supp. 234, 240 (M.D.Pa. 1994)(McClure, J.) (citing 77 P.S. § 431)("Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment.").

[35]  Tatrai v. Presbyterian University Hospital, 439 A.2d 1162, 1164 (Pa. 1982).

premises at the time of the fatal collision.[36]  It is well-settled that, as a general rule, "injuries sustained by an employee while traveling to and from work are not considered to have occurred while in the scope and course of employment."[37]  Known as the "coming and going" rule, this principle is not abrogated unless:

> (1) Claimant's employment contract includes transportation to and from work;
> (2) Claimant has no fixed place of work;
> (3) Claimant is on a special mission for employer; or
> (4) Special circumstances are such that claimant was furthering the business of the employer.[38]

Here, the Complaint makes no assertion fitting within the above exceptions which would indicate that the "coming and going" rule is inapplicable.  Rather, Plaintiff avers that it was the driver of the vehicle, Mr. Martin, who was furthering the interests of Griffith Company.[39]  While Defendant argues that Plaintiff attempts to "have it both ways" by claiming that Mr. Martin was furthering the business interests of Defendant while Mr. Ziemer was simply returning from lunch, the Court finds that, given the presumption of the WCA's inapplicability afforded by the "coming and going rule," this distinction is persuasive.  Specifically, I find that,

---

[36] Compl. ¶ 12, at 3.

[37] Foster v. W.C.A.B. (Ritter Bros., Inc.), 639 A.2d 935, 937 (Pa. Commw. Ct. 1994).

[38] Id.

[39] Compl. ¶ 48, at 13.

unlike the matter concerning Mr. Martin, the Complaint contains **no** factual averments attempting to bring Mr. Ziemer's contact outside the coverage of the "coming and going" rule.  Plaintiff's negligence claims are therefore not barred by the exclusivity provision of the WCA.

    2.  <u>Plaintiff Failed to Plausibly Allege Its Negligence Claim Against Griffith Company.</u>

Defendant next argues in its Motion to Dismiss that, even if this Court finds that Plaintiff's claim is not barred by the exclusivity provision of the WCA, its negligence claims in counts Five and Six[40] should be dismissed for failure to allege factual content making plausible these claims.  Following a review of Plaintiff's Complaint read in the light most favorable, the Court finds that Plaintiff has indeed failed to allege sufficient factual content supporting these claims against Defendant.

Under Pennsylvania law, a plaintiff asserting a negligence claim must allege four elements: (1) the existence of a duty, (2) a breach of that duty, (3) causation, and (4) resultant damages.[41]  Concerning the duty requirement, Pennsylvania state law provides that an employer may be held vicariously liable for the negligent acts

---

[40]  Plaintiff brings both a wrongful death action under Pennsylvania's Wrongful Death Act, codified at 42 Pa. C.S.A. § 8301, and a survival action on Darrin E. Ziemer's behalf based on the negligence of employee Howard E. Martin, Jr. Compl. ¶¶ 47–52, at 13–14.

[41]  <u>Spence v. ESAB Group, Inc.,</u> Civil Action No. 1:07-CV-00583, 2008 WL 450436 at *2 (M.D.Pa. Feb. 15, 2008)(Rambo, J.) (citing <u>Morena v. South Hills Sys.</u>, 841 A.2d 680, 684 n.5 (Pa. 1983)).

of its employees which occur during the course of and within the scope of the

employment.[42]  An employee's conduct is considered within the "scope of

employment" if:

> (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.[43]

In the instant Motion, Defendant argues that Plaintiff failed to plausibly

allege both the existence and breach of a social duty.[44]  Specifically, Defendant

contends that Plaintiff has not alleged facts supporting its conclusory statement that

Mr. Martin was furthering the interests of Defendant Griffith Company at the time

of accident.[45]  Following a review of the factual averments of the Complaint, the

Court agrees with Defendant that a total absence of facts supporting a duty dictates

dismissal of counts Five and Six against Defendant Griffith Company.

As previously noted, Plaintiff alleges within her Complaint that Mr. Martin

was furthering the interests of Defendant at the time of the accident.[46]  This

---

[42] Doe v. Liberatore, 478 F.Supp.2d 742, 758 (M.D.Pa. 2007)(Caputo, J.) (quoting R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa.Super. 2000)).

[43] Id.

[44] Def.'s Reply Br. (ECF No. 40) at 3.

[45] Id.

[46] Compl. ¶ 38, at 13.

averment, however, is simply a conclusory statement which lacks supporting factual content.[47]  The Court has searched the Complaint for facts which make plausible that Mr. Martin was within his scope of employment as required to hold Defendant Griffith Company vicariously liable for his negligence.  This search has proven fruitless in discovering such allegations.

The Court is further compelled to dismissal based on the reasoning by which it found that Plaintiff's claims were not barred by the WCA.  As more fully described above, I found that, based on a lack of facts indicating that Mr. Ziemer was furthering the interests of Defendant at the time of the accident, the "coming and going" rule dictated that he was not furthering the business of Defendant at the time of the accident, and Plaintiff's claims were therefore not barred by the WCA.  Now judging Mr. Martin's actions, the Court finds that logic dictates a similar result.  Both Mr. Martin and Mr. Ziemer were off premises at the time of the accident.  As previously explained, the Complaint contains no factual averments that bring Mr. Martin's conduct within the scope of his employment.  In the absence of such facts, I am compelled to find that Mr. Martin was, like Mr. Ziemer, outside the scope of his employment at the time of the accident.  Defendant's Motion to Dismiss must therefore be granted for failure to state a claim upon which relief can be granted.

---

[47]  Connelly, 809 F.3d at 787 (internal quotations and citations omitted).

### 3.   Plaintiff is Granted Twenty-One Days Within Which to File An Amended Complaint Concerning Her Claims Against Defendant Griffith Company.

Amendment of counts Five and Six against Defendant Griffith Company within Plaintiff's Complaint would not be futile or inequitable.  When a complaint is subject to Rule 12(b)(6) dismissal, a court "must permit a curative amendment unless such an amendment would be inequitable or futile."[48]  Specifically, the United States Court of Appeals for the Third Circuit has stated that

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.[49]

Here, I find that amendment of counts Five and Six within Plaintiff's Complaint would not be futile or inequitable given the factual background of this case.[50] Counts Five and Six have been dismissed due to a failure of Plaintiff's Complaint to delineate clearly whether Mr. Ziemer and Mr. Martin were within the scope of their employment at the time of the accident.  Further amendment with additional factual detail would therefore be helpful to the Court in making this ultimate determination.

---

[48]  Phillips v. Cnty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

[49]  Id.

[50]  Leave to amend is limited strictly to Counts Five and Six against Defendant Griffith Company.  To the extent they deem no further answer is necessary, the other defendants to this action may choose to have their existing answers to the Complaint deemed to be answers to the Amended Complaint.  If they wish to answer, Defendants are advised that such an Answer must be served within 14 days after the filing of the Amended Answer.

### III.   CONCLUSION

Based on the above reasoning and analysis, Defendant Griffith Company's Motion to Dismiss is granted.  Plaintiff will, however, be granted leave of 21 days to amend counts Five and Six within her Complaint.

An appropriate Order follows.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge