IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer,  Plaintiff | : | |
| | : | |
| vs. | : | Docket No.  4:16-cv-01001 |
| | : | |
| NORFOLK SOUTHERN RAILWAY COMPANY | : | Complaint filed 05/26/2016 |
| and | : | |
| GRIFFITH COMPANY | : | |
| and | : | JURY TRIAL DEMANDED |
| CLINTON TOWNSHIP | : | |
| and | : | Judge Matthew W. Brann |
| ESTATE OF HOWARD E. MARTIN, JR. | : | |
| Defendants | : | (Filed Electronically) |

## AMENDED COMPLAINT

NOW COMES the Estate of Darrin E. Ziemer, by Executrix Shauna Ziemer, and files the following Amended Complaint and states as follows:

1.     The plaintiff, Shauna Ziemer, is the Executrix of the Estate of Darrin E. Ziemer.   Ms. Ziemer is the former wife of Darrin E. Ziemer and the mother of Zachary Ziemer, the only child of Darrin.  Ms. Ziemer has been appointed as the Executrix of the above-captioned estate as indicated in the attached short certificate. (See Exhibit "A")

2.     Zachary Ziemer is an individual and resident of the state of Nebraska with an address of 11441 County Road 73, Bayard, Nebraska  69334.  Zachary is a

minor and the only surviving child of Darrin E. Ziemer.

3.      Lawrence and Chris Ziemer are the parents of Darrin E. Ziemer with an address of 39302 Highway 20 East, Burns, Oregon.

4.      The defendant, Norfolk Southern Railway Company "hereinafter referred to "Norfolk Southern") is a corporation with a business address of 110 Franklin Road SE, Roanoke, Virginia and a registered office address in Pennsylvania in care of CT Corporation, Two Commerce Square, 2011 Market Street, 5th Floor, Philadelphia, Pennsylvania 19103.

5.      Norfolk Southern owns, operates and maintains a railroad line which runs through Clinton Township, Lycoming County, Pennsylvania.

6.      The facts and occurrences hereinafter related took place on or about August 15, 2014 at a railroad crossing labeled as "526744M US DOT" owned, operated and maintained by Norfolk Southern.

7.      Clinton Township is a municipality with an address of 2106 Rt 54 Hwy, Montgomery, Lycoming County, Pennsylvania.

8.      Clinton Township owns and maintains a township road known as Brick Church Road in Clinton Township, Lycoming County, Pennsylvania which intersects the above referenced railroad crossing.

9.      Griffith Company is a corporation with a business address of 3050 East Birch Street, Brea, California that was operating and doing construction work

at the Panda Plant located in Clinton Township, Lycoming County, Pennsylvania. The Panda Plant was in the close vicinity of the above referenced township road and railroad crossing.

10.     Howard E. Martin, Jr. is deceased and Angela Lynne Martin is the Executrix of the Estate with an address of 923 East Wingate Street, Covina, California 91724.

11.     The matter in controversy exceeds $100,000.00, exclusive of interest and costs and is between citizens of different states.  Accordingly, this court has jurisdiction pursuant to 28 U.S.C. 1332.

12.     On or about August 15, 2014, Howard E. Martin, Jr. was traveling northbound on the township road known as Brick Church Road, approaching the Norfolk Southern railroad crossing.

13.     At that time and place, Mr. Martin was operating a Griffith Construction rented truck.

14.     Darrin E. Ziemer was a passenger in the truck driven by Mr. Martin, as it approached the Norfolk Southern railroad crossing.

15.     Mr. Martin was traveling at or below the posted speed limit as he approached the railroad crossing, traveling northbound on Brick Church Road.

16.     At that same time, a Norfolk Southern train was operating in an eastbound manner approaching the Brick Church Road railroad crossing.

17.     Brick Church Road and the railroad crossing had inadequate sight lines that posed an unreasonable risk to motorists traveling lawfully upon the highway.

18.     At or about the above-mentioned date and time, Howard E. Martin, Jr. attempted to cross the Norfolk Southern line at the designated railroad crossing and was struck and fatally injured in a violent collision with the Norfolk Southern train.

19.     As a result of the aforementioned crash, Darrin E. Ziemer suffered fatal injuries.

20.     As a result of the aforesaid injuries sustained by plaintiff, the estate was forced to incur liability for medical treatment and claim is made therefor.

21.     As a result of the aforementioned injuries, the plaintiff has suffered a loss of earnings, loss of earning capacity and uncompensated work loss and claim is made therefor.

## COUNT ONE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

22.     Paragraphs 1 through 21 are incorporated herein by reference.

23.     The death of Darrin E. Ziemer was the direct and proximate result of the negligence of the named defendants as indicated.

24.    On or before August 15, 2014 and at all times relevant hereto, defendant Norfolk Southern had a responsibility for safety at the railroad grade crossing; owned, operated, inspected and maintained the railroad grade crossing; and had a responsibility for warning signs present at or near the aforementioned crossing.

25.    On or before August 15, 2014, Norfolk Southern, through it's inspectors, track inspectors, engineers, maintenance personnel, operational personnel, train crews, agents and/or employees knew, or in the exercise of reasonable care, should have known that extra hazardous conditions existed at the abovementioned railroad grade crossing.

26.    On or before August 15, 2014, defendant Norfolk Southern had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the railroad grade crossing for motorists on the roadway approaching the intersection.

27.    On or before August 15, 2014, Norfolk Southern, through it's officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety at it's crossing independently of publically funded programs.  Norfolk Southern adopted a corporate policy and practice to not evaluate safety at it's crossings independent of publically funded programs through municipal, state or federal government agencies.

28.   As a proximate cause of one or more acts or omissions of defendant Norfolk Southern, the plaintiff sustained injuries that resulted in his death.

29.   On or before August 15, 2014 and at all times relevant hereto, the above-referenced railroad crossing:

    a.    was not equipped with automatic crossing gates, or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop;

    b.    was not provided a flagman at the crossing to warn motorists of the approach of a train at the crossing and the requirement to stop; (Uniform Vehicle Code Section 11-701)

    c.    was not equipped with a YIELD or STOP sign to warn motorists traveling northbound or southbound on Brick Church Road of the presence of a railroad grade crossing and the requirement to look for approaching trains; (Uniform Vehicle Code Section 11-701; MUTCD Section 8B.04)

    d.    was not equipped with an advance warning sign or pavement markings for motorists traveling northbound or southbound on Brick Church Road to further warn motorists of the presence of a railroad grade crossing ahead; (MUTCD Section 8B.04 and 8B.06)

    e.    had a non-standard approach grade which was too steep, creating a dangerous and unsafe crossing for northbound or southbound motorists; (AREMA Section 8.2.1.5 Roadway Approach Grade)

    f.    had insufficient Track Sight Distance for a southbound motorist to view the presence of a train ahead due to lack of advance warning sign and non-standard approach grade at the railroad grade crossing; (Rail-Highway Grade Crossing Handbook, US Dept of Transportation; MUTC D Section 2C.05) and

g.    had severely insufficient Approach Sight Angle for a southbound motorist to plainly view an approaching westbound train due to obstructions of vegetation and fixed objects located on and off the railroad right of way.

30.    An appropriate engineering study, sight line study, or survey of the vegetation and fixed objects creating obstructions, performed on the US DOT # 526744M railroad grade crossing prior to August 15, 2014, would have revealed that the crossing was unsafe and should have had active traffic control devices and grade improvements, or be recommended for crossing closure. (23 CFR 646.214)

31.    On or before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and employees, including but not limited to: Todd Michael Bubnis (engineer) and James Ernest Moffet (conductor), had a duty to operate the subject train in a reasonably safe manner and to adequately warn motorists of the approach of such train.

32.    On and before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and/or employees, including Todd Michael Bubnis and James Ernest Moffet, did one or more of the following negligent and/or careless acts or omissions:

a.    operated a railroad train without keeping a proper and sufficient lookout;

b.    proceeded at a speed which was greater than reasonable and proper;

c.      failed to decrease speed so as to avoid colliding with another vehicle;

d.      failed to warn vehicles that the train was approaching;

e.      failed to sound its whistle a sufficient time prior to the train's arrival at the crossing;

f.      failed to place the train in "emergency" within a reasonable time period;

g.      permitted and allowed trains to operate over the US DOT # 526744M railroad grade crossing at a time when there were not adequate warning devices in place;

h.      permitted and allowed trains to operate over the US DOT # 536744M railroad grade crossing when they each knew that vegetation and fixed objects were present in the line of sight of an oncoming motorist in one or more quadrants of the crossing;

i.      Owned, maintained and permitted trains to operate over the US DOT # 536744M railroad grade crossing when it was extra hazardous; and

j.      failed to operate the train in a reasonably safe manner.

33.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together

with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT TWO
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

34.    Paragraphs 1 through 33 are incorporated herein by reference.

35.    The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the fright, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT THREE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

36.    Paragraphs 1 through 35 are incorporated herein by reference.

37.    On or before August 15, 2014 and at all times relevant hereto, Clinton Township:

    a.    had a responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M; and

b.     owned, operated, inspected and maintained Brick Church Road approaching US DOT # 526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

38.     On and before August 15, 2014, Clinton Township, through its inspectors, engineers, maintenance personnel, operational personnel, road crews, agents and/or employees, knew, or in the exercise of reasonable care should have known, that extra hazardous conditions existed on Brick Church Road at the US DOT # 526744M railroad grade crossing.

39.     On and before August 15, 2014, Clinton Township, through its officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety on its roadways, including the roadway approach and across US DOT # 526744M railroad grade crossing.

40.     On and before August 15, 2014, Clinton Township had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the roadway approaching and across US DOT # 526744M railroad grade crossing for motorists, including but not limited to Darrin E. Ziemer.

41.     As a proximate cause of one or more acts or omissions of Clinton Township, Darrin E. Ziemer sustained injuries that resulted in his death on August 15, 2014.

42.     On or before August 15, 2014 and at all times relevant hereto, the

Township was negligent, as Brick Church Road:

    a.    was not equipped with automatic crossing gates, or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop;

    b.    was not provided a flagman at the crossing to actively warn motorists of the approach of a train at the crossing and the requirement to stop;

    c.    was not equipped with a YIELD or STOP sign to warn motorists traveling northbound or southbound on Brick Church Road of the presence of a railroad grade crossing and the requirement to look for approaching trains;

    d.    was not equipped with an advance warning sign or pavement markings for motorists traveling northbound or southbound on Brick Church Road to further warn motorists of the presence of a railroad grade crossing ahead;

    e.    had a non-standard approach grade which was too steep, creating a dangerous and unsafe crossing for northbound or southbound motorists;

    f.    had insufficient Track Sight Distance for a southbound motorist to view the presence of a track ahead due to lack of advance warning sign and non-standard approach grade at the railroad grade crossing; and

    g.    had severely insufficient Approach Sight Angle for a southbound motorist to plainly view an approaching westbound train due to obstructions of vegetation and fixed objects located on and off railroad right of way.

43.    Had an appropriate engineering study, sight line study, or survey of the vegetation and fixed objects creating sight obstructions and roadway been performed on the US DOT # 526744M railroad grade crossing prior to August 15,

2014, it would have revealed that the crossing was unsafe and should have had active traffic control devices.

44.     Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT FOUR
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

45.     Paragraphs 1 through 44 are incorporated herein by reference.

46.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT FIVE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

47.   Paragraphs 1 through 46 are incorporated herein by reference.

48.   At the time of the crash, Howard E. Martin, Jr. was an employee, driving a Griffith Company vehicle, furthering the interests of Griffith Company and within the scope and course of his employment as follows:

   a.   on information and belief, Mr. Martin was a resident of California and was hired to work at the Panda Power Plant for Griffith Company; and

   b.   as part of his employment contract and out of state assignment, Howard E. Martin, Jr. was provided a Griffith company van at the company's expense for transportation to and from work with remuneration for fuel.

49.   Howard E. Martin, Jr. failed to keep alert or maintain a proper watch for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

50.   Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies,

friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SIX
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

51.     Paragraphs 1 through 50 are incorporated herein by reference.

52.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SEVEN

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Howard E. Martin, Jr. failed to keep alert or maintain a proper watch

for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

55.     Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT EIGHT
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.

56.     Paragraphs 1 through 55 are incorporated herein by reference.

57.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

BRYANT & CANTORNA, P.C.

By,

Bernard F. Cantorna, Esquire
1901 East College Avenue
State College, PA 16801
(814) 238-4370 TEL
(814) 238-8016 FAX
PA Id No. 81794
Bcantorna@gmail.com

DATE:      December 5, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

SHAUNA ZIEMER, as Executrix of the    :
Estate of Darrin E. Ziemer,           :
      Plaintiff                      :
                                     :
      vs.                            :     Docket No.    4:16-cv-01001
                                     :
NORFOLK SOUTHERN RAILWAY              :
COMPANY                               :     Complaint filed 05/26/2016
      and                            :
GRIFFITH COMPANY                      :
      and                            :     JURY TRIAL DEMANDED
CLINTON TOWNSHIP                      :
      and                            :     Judge Matthew W. Brann
ESTATE OF HOWARD E. MARTIN, JR.       :
      Defendants                     :     (Filed Electronically)

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the within Plaintiff's Amended Complaint was served by depositing the same with the United States Postal Service, or ECF filing, addressed to the following:

David J. MacMain, Esquire
John P. McAvoy, Esquire
101 Lindenwood Drive, Ste 160
Malvern, PA 19355

Gary L. Weber, Esquire
Jessica L. Harlow, Esquire
10 West Third Street
Williamsport, PA 17701

Craig J. Staudenmaier, Esquire
200 North Third Street, 18th Floor
P.O. Box 840
Harrisburg, PA 17108-0840

Andrew J. Connolly, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103

_____
Bernard F. Cantorna, Esquire
Attorney for Plaintiff

DATE:     December 5, 2016