## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer, <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH COMPANY, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA <br><br><br> NO. 4:16-CV-01001-MWB |
| ANGELA LYNNE MARTIN, Individually and as Administratrix of the Estate of Howard Edward Martin, Jr. <br><br> Plaintiff, <br><br> vs. <br><br> NORFOLK SOUTHERN CORPORATION d/b/a NORFOLK SOUTHERN RAILWAY COMPANY, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA <br><br><br> NO. 4:16-CV-02034-MWB |

## PROPOSED ORDER

**AND NOW**, this _____ day of _____, 2017, upon consideration of Defendant, Griffith Company's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, and upon consideration of the briefs of the parties, **IT IS HEREBY ORDERED** that said motion is **GRANTED**. All claims and cross-claims asserted against Defendant, Griffith Company are hereby dismissed with prejudice from the above-captioned matter.

**BY THE COURT:**

_____
**MATTHEW W. BRANN**
**United States District Judge**

POST & SCHELL, P.C.
BY: ANDREW J. CONNOLLY, ESQUIRE
E-MAIL: aconnolly@postschell.com
MATTHEW D. JOHNSON, ESQUIRE
E-MAIL: mjohnson@postschell.com
FOUR PENN CENTER
1600 JOHN F KENNEDY BLVD.
PHILADELPHIA, PA  19103                    Attorneys for Defendant,
215-587-1000                               Griffith Company

| | |
|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer, <br><br> Plaintiff, <br><br> vs. <br><br> GRIFFITH COMPANY, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA <br><br><br> NO. 4:16-CV-01001-MWB |
| ANGELA LYNNE MARTIN, Individually and as Administratrix of the Estate of Howard Edward Martin, Jr. <br><br> Plaintiff, <br><br> vs. <br><br> NORFOLK SOUTHERN CORPORATION d/b/a NORFOLK SOUTHERN RAILWAY COMPANY, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA <br><br><br> NO. 4:16-CV-02034-MWB |

## DEFENDANT, GRIFFITH COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Defendant, Griffith Company, by and through its attorneys, Post & Schell, P.C., hereby files the within Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, and in support thereof, avers as follows:

1.      This Honorable Court should grant Defendant, Griffith Company's Motion for Summary Judgment because Griffith Company is entitled to immunity pursuant to the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 *et seq.*

2.      According to Plaintiff, Shauna Ziemer's Amended Complaint, the instant matter stems from a work-related motor vehicle versus train accident in Clinton Township, Lycoming County, PA.  A true and correct copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "1."

3.      At the time of the accident, Griffith Company was involved in a construction project located near the site of the accident. *See id.* at ¶9.

4.      In her Amended Complaint, Plaintiff, Shauna Ziemer, as Executrix of the Estate of Darrin E. Ziemer, alleges that on or about August 15, 2014, a truck that was rented by Griffith Company was being operated by Howard E. Martin, Jr. *See id.* at ¶¶12 and 13.

5.      The Amended Complaint alleges that, at the time of the subject accident, Mr. Martin was a Griffith Company employee and furthering the interests of Griffith Company. *See id.* at ¶48.

6.      The decedent, Darrin E. Ziemer was also a Griffith Company employee and was a passenger in the truck as it approached a railroad crossing. *See id.* at ¶¶12 and 14.

7.      Plaintiff, Shauna Ziemer alleges that Mr. Martin attempted to cross the railroad crossing, and the truck was struck by a Norfolk Southern train, thereby resulting in Mr. Ziemer suffering fatal injuries. *See id.* at ¶¶18 and 19.

8.      The Amended Complaint further alleges that the accident was caused by, *inter alia*, Mr. Martin failing to keep alert or maintain a proper watch for the presence of the train and failing to brake in sufficient time to avoid the crash. *See id.* at ¶49.

2

9. Following the subject accident, Plaintiff, Shauna Ziemer filed a claim for workers' compensation benefits against Griffith Company on the basis that, *inter alia*, Mr. Ziemer was an employee of Griffith Company at the time and place of his accident. A true and correct copy of the docket from the workers' compensation court is attached hereto as Exhibit "2" (identifying Darrin Ziemer's employer as Griffith Company).

10. In or about March 2017, Plaintiff, Shauna Ziemer settled the workers' compensation claim filed against Griffith Company.

11. On April 5, 2017, the settlement of Plaintiff, Shauna Ziemer's workers' compensation claim was court-approved. A true and correct copy of the docket from the workers' compensation court is attached hereto as Exhibit "3" (stating "Closing Order: C&R [Compromise and Release] (Granted)").

12. Summary judgment is appropriate when, taking all factual inferences in the nonmoving party's favor, there exists no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed.R.C.P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2nd 202 (1986).

13. "The Pennsylvania Workers' Compensation Act 'grants employees the right to a fixed level of compensation for work-related injuries and, in return, exempts their employers from common law liability for negligence.'" *Claudio v. MGS Mach. Corp.*, 798 F. Supp. 2d 575, 580 (E.D. Pa. 2011) (*quoting Mathis v. United Eng'rs & Constructors, Inc.*, 381 Pa. Super. 466, 554 A.2d 96, 101 (Pa. Super. 1989)).

14. "Where an employee's injury is compensable under the [Pennsylvania Workers' Compensation] Act, the compensation provided by the statute is the employee's exclusive

remedy against his or her employer." *Shamblin v. Chesapeake Energy Corp.*, 2014 U.S. Dist. LEXIS 23965 (M.D. Pa. 2014) (citations omitted).

15.　　As is discussed more fully in the accompanying memorandum of law, Griffith Company is entitled to workers' compensation immunity in this matter as evinced by the facts that: Plaintiff, Shauna Ziemer filed a workers' compensation claim against Griffith Company wherein Mr. Ziemer's employer was identified as Griffith Company; the workers' compensation claim was settled; and on April 7, 2017, the settlement was approved by the workers' compensation court.

16.　　Insofar as Griffith Company is entitled to workers' compensation immunity as to Plaintiff, Shauna Ziemer's claims and any cross-claims, this Honorable Court should grant Griffith Company's Motion for Summary Judgment.[1]

WHEREFORE, Defendant, Griffith Company respectfully requests that this Honorable Court grant its Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and enter the attached Order.

POST & SCHELL, P.C.

By: _____
ANDREW J. CONNOLLY, ESQUIRE
MATTHEW D. JOHNSON, ESQUIRE
Attorneys for Defendant,
Griffith Company

Dated: 4/17/17

---

[1] On April 13, 2017, counsel for Plaintiff, Shauna Ziemer in the instant matter suggested the filing of the instant motion for summary judgment in order to effectuate Griffith Company's dismissal and counsel advised that he would not file an opposition to the motion for summary judgment.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and the Memorandum of Law In Support were served on April 17, 2017 via electronic filing, to the following individuals:

Bernard F. Cantorna, Esquire
Bryant & Cantorna, P.C.
1901 East College Avenue
State College, PA 16801
(*Counsel for Plaintiff, Shauna Ziemer*)

Michael C. Ksiazek, Esquire
Stark & Stark
777 Township Line Road
Suite 120
Yardley, PA 19067
(*Counsel for Plaintiff, Angela Lynne Martin*)

Craig J. Staudenmaier, Esquire
Nauman, Smith, Shissler & Hall, LLP
200 North Third Street
18th Floor, P.O. Box 840
Harrisburg, PA 17108
(*Counsel for Norfolk Southern Railway Company*)

David J. MacMain, Esquire
The MacMain Law Group, LLC
191 Lindenwood Drive, Suite 160
Malvern, PA 19355
(*Counsel for Clinton Township*)

Gary L. Weber, Esquire
Mitchell, Mitchell, Gallagher, Weber
Southard & Wishard, P.C.
10 W. Third Street
Williamsport, PA 17701
(*Counsel for Estate of Howard E. Martin, Jr.*)

POST & SCHELL, P.C.

ANDREW J. CONNOLLY, ESQUIRE
MATTHEW D. JOHNSON, ESQUIRE

7

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| SHAUNA ZIEMER, as Executrix of the<br>Estate of Darrin E. Ziemer,<br>　　　　Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | Docket No.  4:16-cv-01001 |
| | : | |
| NORFOLK SOUTHERN RAILWAY<br>COMPANY | : | |
| | : | Complaint filed 05/26/2016 |
| 　　　　and | : | |
| GRIFFITH COMPANY | : | |
| 　　　　and | : | JURY TRIAL DEMANDED |
| CLINTON TOWNSHIP | : | |
| 　　　　and | : | Judge Matthew W. Brann |
| ESTATE OF HOWARD E. MARTIN, JR. | : | |
| 　　　　Defendants | : | (Filed Electronically) |

## **AMENDED COMPLAINT**

NOW COMES the Estate of Darrin E. Ziemer, by Executrix Shauna Ziemer,

and files the following Amended Complaint and states as follows:

1.　　The plaintiff, Shauna Ziemer, is the Executrix of the Estate of

Darrin E. Ziemer.   Ms. Ziemer is the former wife of Darrin E. Ziemer and the

mother of Zachary Ziemer, the only child of Darrin.  Ms. Ziemer has been

appointed as the Executrix of the above-captioned estate as indicated in the

attached short certificate. (See Exhibit "A")

2.　　Zachary Ziemer is an individual and resident of the state of Nebraska

with an address of 11441 County Road 73, Bayard, Nebraska  69334.  Zachary is a

minor and the only surviving child of Darrin E. Ziemer.

3.  Lawrence and Chris Ziemer are the parents of Darrin E. Ziemer with an address of 39302 Highway 20 East, Burns, Oregon.

4.  The defendant, Norfolk Southern Railway Company "hereinafter referred to "Norfolk Southern") is a corporation with a business address of 110 Franklin Road SE, Roanoke, Virginia and a registered office address in Pennsylvania in care of CT Corporation, Two Commerce Square, 2011 Market Street, 5th Floor, Philadelphia, Pennsylvania 19103.

5.  Norfolk Southern owns, operates and maintains a railroad line which runs through Clinton Township, Lycoming County, Pennsylvania.

6.  The facts and occurrences hereinafter related took place on or about August 15, 2014 at a railroad crossing labeled as "526744M US DOT" owned, operated and maintained by Norfolk Southern.

7.  Clinton Township is a municipality with an address of 2106 Rt 54 Hwy, Montgomery, Lycoming County, Pennsylvania.

8.  Clinton Township owns and maintains a township road known as Brick Church Road in Clinton Township, Lycoming County, Pennsylvania which intersects the above referenced railroad crossing.

9.  Griffith Company is a corporation with a business address of 3050 East Birch Street, Brea, California that was operating and doing construction work

at the Panda Plant located in Clinton Township, Lycoming County, Pennsylvania. The Panda Plant was in the close vicinity of the above referenced township road and railroad crossing.

10.     Howard E. Martin, Jr. is deceased and Angela Lynne Martin is the Executrix of the Estate with an address of 923 East Wingate Street, Covina, California 91724.

11.     The matter in controversy exceeds $100,000.00, exclusive of interest and costs and is between citizens of different states.  Accordingly, this court has jurisdiction pursuant to 28 U.S.C. 1332.

12.     On or about August 15, 2014, Howard E. Martin, Jr. was traveling northbound on the township road known as Brick Church Road, approaching the Norfolk Southern railroad crossing.

13.     At that time and place, Mr. Martin was operating a Griffith Construction rented truck.

14.     Darrin E. Ziemer was a passenger in the truck driven by Mr. Martin, as it approached the Norfolk Southern railroad crossing.

15.     Mr. Martin was traveling at or below the posted speed limit as he approached the railroad crossing, traveling northbound on Brick Church Road.

16.     At that same time, a Norfolk Southern train was operating in an eastbound manner approaching the Brick Church Road railroad crossing.

17.     Brick Church Road and the railroad crossing had inadequate sight lines that posed an unreasonable risk to motorists traveling lawfully upon the highway.

18.     At or about the above-mentioned date and time, Howard E. Martin, Jr. attempted to cross the Norfolk Southern line at the designated railroad crossing and was struck and fatally injured in a violent collision with the Norfolk Southern train.

19.     As a result of the aforementioned crash, Darrin E. Ziemer suffered fatal injuries.

20.     As a result of the aforesaid injuries sustained by plaintiff, the estate was forced to incur liability for medical treatment and claim is made therefor.

21.     As a result of the aforementioned injuries, the plaintiff has suffered a loss of earnings, loss of earning capacity and uncompensated work loss and claim is made therefor.

## COUNT ONE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

22.     Paragraphs 1 through 21 are incorporated herein by reference.

23.     The death of Darrin E. Ziemer was the direct and proximate result of the negligence of the named defendants as indicated.

24.     On or before August 15, 2014 and at all times relevant hereto, defendant Norfolk Southern had a responsibility for safety at the railroad grade crossing; owned, operated, inspected and maintained the railroad grade crossing; and had a responsibility for warning signs present at or near the aforementioned crossing.

25.     On or before August 15, 2014, Norfolk Southern, through it's inspectors, track inspectors, engineers, maintenance personnel, operational personnel, train crews, agents and/or employees knew, or in the exercise of reasonable care, should have known that extra hazardous conditions existed at the abovementioned railroad grade crossing.

26.     On or before August 15, 2014, defendant Norfolk Southern had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the railroad grade crossing for motorists on the roadway approaching the intersection.

27.     On or before August 15, 2014, Norfolk Southern, through it's officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety at it's crossing independently of publically funded programs.  Norfolk Southern adopted a corporate policy and practice to not evaluate safety at it's crossings independent of publically funded programs through municipal, state or federal government agencies.

28.   As a proximate cause of one or more acts or omissions of defendant

Norfolk Southern, the plaintiff sustained injuries that resulted in his death.

29.   On or before August 15, 2014 and at all times relevant hereto, the

above-referenced railroad crossing:

a.   was not equipped with automatic crossing gates, or automatic
flashing lights to actively warn a motorist of an approaching
train and the requirement to stop;

b.   was not provided a flagman at the crossing to warn motorists of
the approach of a train at the crossing and the requirement to
stop; (Uniform Vehicle Code Section 11-701)

c.   was not equipped with a YIELD or STOP sign to warn
motorists traveling northbound or southbound on Brick Church
Road of the presence of a railroad grade crossing and the
requirement to look for approaching trains; (Uniform Vehicle
Code Section 11-701; MUTCD Section 8B.04)

d.   was not equipped with an advance warning sign or pavement
markings for motorists traveling northbound or southbound on
Brick Church Road to further warn motorists of the presence of
a railroad grade crossing ahead; (MUTCD Section 8B.04 and
8B.06)

e.   had a non-standard approach grade which was too steep,
creating a dangerous and unsafe crossing for northbound or
southbound motorists; (AREMA Section 8.2.1.5 Roadway
Approach Grade)

f.   had insufficient Track Sight Distance for a southbound
motorist to view the presence of a train ahead due to lack of
advance warning sign and non-standard approach grade at the
railroad grade crossing; (Rail-Highway Grade Crossing
Handbook, US Dept of Transportation; MUTC D Section
2C.05) and

g.   had severely insufficient Approach Sight Angle for a southbound motorist to plainly view an approaching westbound train due to obstructions of vegetation and fixed objects located on and off the railroad right of way.

30.   An appropriate engineering study, sight line study, or survey of the vegetation and fixed objects creating obstructions, performed on the US DOT # 526744M railroad grade crossing prior to August 15, 2014, would have revealed that the crossing was unsafe and should have had active traffic control devices and grade improvements, or be recommended for crossing closure. (23 CFR 646.214)

31.   On or before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and employees, including but not limited to: Todd Michael Bubnis (engineer) and James Ernest Moffet (conductor), had a duty to operate the subject train in a reasonably safe manner and to adequately warn motorists of the approach of such train.

32.   On and before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and/or employees, including Todd Michael Bubnis and James Ernest Moffet, did one or more of the following negligent and/or careless acts or omissions:

a.   operated a railroad train without keeping a proper and sufficient lookout;

b.   proceeded at a speed which was greater than reasonable and proper;

    c.     failed to decrease speed so as to avoid colliding with another vehicle;

    d.     failed to warn vehicles that the train was approaching;

    e.     failed to sound its whistle a sufficient time prior to the train's arrival at the crossing;

    f.     failed to place the train in "emergency" within a reasonable time period;

    g.     permitted and allowed trains to operate over the US DOT # 526744M railroad grade crossing at a time when there were not adequate warning devices in place;

    h.     permitted and allowed trains to operate over the US DOT # 536744M railroad grade crossing when they each knew that vegetation and fixed objects were present in the line of sight of an oncoming motorist in one or more quadrants of the crossing;

    i.     Owned, maintained and permitted trains to operate over the US DOT # 536744M railroad grade crossing when it was extra hazardous; and

    j.     failed to operate the train in a reasonably safe manner.

33.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together

with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT TWO
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the fright, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT THREE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

36.     Paragraphs 1 through 35 are incorporated herein by reference.

37.     On or before August 15, 2014 and at all times relevant hereto, Clinton Township:

      a.     had a responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M; and

      b.    owned, operated, inspected and maintained Brick Church Road approaching US DOT # 526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

38.    On and before August 15, 2014, Clinton Township, through its inspectors, engineers, maintenance personnel, operational personnel, road crews, agents and/or employees, knew, or in the exercise of reasonable care should have known, that extra hazardous conditions existed on Brick Church Road at the US DOT # 526744M railroad grade crossing.

39.    On and before August 15, 2014, Clinton Township, through its officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety on its roadways, including the roadway approach and across US DOT # 526744M railroad grade crossing.

40.    On and before August 15, 2014, Clinton Township had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the roadway approaching and across US DOT # 526744M railroad grade crossing for motorists, including but not limited to Darrin E. Ziemer.

41.    As a proximate cause of one or more acts or omissions of Clinton Township, Darrin E. Ziemer sustained injuries that resulted in his death on August 15, 2014.

42.    On or before August 15, 2014 and at all times relevant hereto, the

Township was negligent, as Brick Church Road:

a.   was not equipped with automatic crossing gates, or automatic
     flashing lights to actively warn a motorist of an approaching
     train and the requirement to stop;

b.   was not provided a flagman at the crossing to actively warn
     motorists of the approach of a train at the crossing and the
     requirement to stop;

c.   was not equipped with a YIELD or STOP sign to warn
     motorists traveling northbound or southbound on Brick Church
     Road of the presence of a railroad grade crossing and the
     requirement to look for approaching trains;

d.   was not equipped with an advance warning sign or pavement
     markings for motorists traveling northbound or southbound on
     Brick Church Road to further warn motorists of the presence of
     a railroad grade crossing ahead;

e.   had a non-standard approach grade which was too steep,
     creating a dangerous and unsafe crossing for northbound or
     southbound motorists;

f.   had insufficient Track Sight Distance for a southbound
     motorist to view the presence of a track ahead due to lack of
     advance warning sign and non-standard approach grade at the
     railroad grade crossing; and

g.   had severely insufficient Approach Sight Angle for a
     southbound motorist to plainly view an approaching westbound
     train due to obstructions of vegetation and fixed objects located
     on and off railroad right of way.

43.   Had an appropriate engineering study, sight line study, or survey of

the vegetation and fixed objects creating sight obstructions and roadway been

performed on the US DOT # 526744M railroad grade crossing prior to August 15,

2014, it would have revealed that the crossing was unsafe and should have had active traffic control devices.

44. Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT FOUR
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT FIVE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

47.    Paragraphs 1 through 46 are incorporated herein by reference.

48.    At the time of the crash, Howard E. Martin, Jr. was an employee, driving a Griffith Company vehicle, furthering the interests of Griffith Company and within the scope and course of his employment as follows:

    a.    on information and belief, Mr. Martin was a resident of California and was hired to work at the Panda Power Plant for Griffith Company; and

    b.    as part of his employment contract and out of state assignment, Howard E. Martin, Jr. was provided a Griffith company van at the company's expense for transportation to and from work with remuneration for fuel.

49.    Howard E. Martin, Jr. failed to keep alert or maintain a proper watch for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

50.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies,

friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SIX
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

51.     Paragraphs 1 through 50 are incorporated herein by reference.

52.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SEVEN

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.

53.     Paragraphs 1 through 52 are incorporated herein by reference.

54.     Howard E. Martin, Jr. failed to keep alert or maintain a proper watch

for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

    55.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

    WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

**COUNT EIGHT**
**SURVIVAL**

**Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.**
**Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.**

    56.    Paragraphs 1 through 55 are incorporated herein by reference.

    57.    The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together
with interest, cost of suit and any other relief the court deems just and appropriate.

BRYANT & CANTORNA, P.C.

By,

Bernard F. Cantorna, Esquire
1901 East College Avenue
State College, PA 16801
(814) 238-4370 TEL
(814) 238-8016 FAX
PA Id No. 81794
Bcantorna@gmail.com

DATE:        December 5, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

SHAUNA ZIEMER, as Executrix of the       :
Estate of Darrin E. Ziemer,              :
      Plaintiff                        :
                              :
    vs.                                  :       Docket No.    4:16-cv-01001
                              :
NORFOLK SOUTHERN RAILWAY                  :
COMPANY                                   :       Complaint filed 05/26/2016
      and                              :
GRIFFITH COMPANY                          :
      and                              :       JURY TRIAL DEMANDED
CLINTON TOWNSHIP                          :
      and                              :       Judge Matthew W. Brann
ESTATE OF HOWARD E. MARTIN, JR.           :
      Defendants                       :       (Filed Electronically)

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the within Plaintiff's Amended Complaint was served by depositing the same with the United States Postal Service, or ECF filing, addressed to the following:

David J. MacMain, Esquire               Gary L. Weber, Esquire
John P. McAvoy, Esquire                 Jessica L. Harlow, Esquire
101 Lindenwood Drive, Ste 160        10 West Third Street
Malvern, PA 19355                     Williamsport, PA 17701

Craig J. Staudenmaier, Esquire       Andrew J. Connolly, Esquire
200 North Third Street, 18th Floor    Post & Schell, P.C.
P.O. Box 840                        Four Penn Center
Harrisburg, PA 17108-0840           1600 John F. Kennedy Blvd.
                                 Philadelphia, PA 19103

                                _____
                                  Bernard F. Cantorna, Esquire
                                  Attorney for Plaintiff

DATE:       December 5, 2016

# EXHIBIT 2

Division of Workers' Compensation - Workers' compensation court public information search



## Case detail information

| EAMS case number | Case location | Date of injury | Assigned judge | Archived | DEU |
|---|---|---|---|---|---|
| ADJ10377745 | SAC-ADJ | 08/15/2014 | | ☐ | ☐ View events |

| Injured worker first name | Injured worker last name | Employer |
|---|---|---|
| DARRIN | ZIEMER DECEASED | GRIFFITH COMPANY |
| | | GRIPTITH COMPANY |

| Body Part 1 | 999 UNCLASSIFIED - INSUFFICIENT INFORMATION TO IDENTIFY BODY PARTS |
|---|---|

| Participant name | Role | Address |
|---|---|---|
| GALLAGHER BASSETT CORONA | CLAIMS ADMINISTRATOR | PO BOX 6900 CORONA CA 92878 |
| GRIFFITH COMPANY | EMPLOYER | 3050 E BIRCH ST BREA CA 92871 |
| GRIPTITH COMPANY | EMPLOYER | 3050 E BIRCH ST BREA CA 92871 |
| MASTAGNI HOLSTEDT SACRAMENTO | LAW FIRM | 1912 I ST SACRAMENTO CA 95811 |
| MATTHEWS LAW SAN DIEGO | LAW FIRM | 3870 MURPHY CANYON RD STE 320 SAN DIEGO CA 92123 |
| ZIEMER, SHAUNA | GUARDIAN AD LITEM | |
| ZIEMER, ZACHARY | DEPENDENT | |

[ Exit ]   [ Previous ]

Conditions of Use | Privacy Policy
Copyright © 2010 State of California

# EXHIBIT 3

Case search

**Division of Workers' Compensation - Workers' compensation court public information search**



## Case events

| EAMS case number | Case location | |
|---|---|---|
| ADJ10377745 | SAC-ADJ | |
| **Injured worker first name** | **Injured worker last name** | **Employer** |
| DARRIN | ZIEMER DECEASED | GRIFFITH COMPANY |
| | | GRIPTITH COMPANY |

| Event general description | Detail description | Event date |
|---|---|---|
| ORDER APPROVING C & R | CLOSING ORDER: C & R (GRANTED) | 04/05/2017 |
| C & R FILED | PETITION: COMPROMISE AND RELEASE - DEPENDENCY CLAIM DEATH | 04/05/2017 |
| ORDER SUSPEND ACTION ON SETTLEMENT | INTERIM ORDER: SUSPEND ACTION C & R OR STIP | 03/30/2017 |
| C & R FILED | C&R WALK THROUGH | 03/30/2017 |

Exit    Previous

Conditions of Use | Privacy Policy
Copyright © 2010 State of California