# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUNA ZIEMER, | : | No. 4:16-CV-01001 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION and ORDER

### JUNE 1, 2017

Before the Court for disposition is Defendant Griffith Company's ("Defendant") Motion for Summary Judgment. For the reasons that follow, this Motion will be granted.

## I. BACKGROUND

On May 26, 2016, Plaintiff Shauna Ziemer, as Executrix of the Estate of Darrin E. Ziemer ("Plaintiff"), filed a Complaint in this Court against Defendants Norfolk Southern Railway Company, Clinton Township, the Estate of Howard E. Martin, Jr., and, most pertinently with regard to this pending Motion to Dismiss, Griffith Company.[1] The facts underlying the now Amended Complaint regard Darrin E. Ziemer's tragic death as a result of injuries sustained in a train collision

---

[1] ECF No. 1

- 1 -

on August 15, 2014. For purposes of clarity and brevity, the following factual recitation will be limited to Griffith Company's direct involvement in and its potential liability for said collision. This involvement proceeds as follows.

On August 15, 2014, Darrin E. Ziemer and Howard E. Martin, Jr. were traveling northbound on Brick Church Road in Clinton Township, Lycoming Country, Pennsylvania toward a Norfolk Southern railroad crossing.[2] Mr. Martin was driving a vehicle rented by Defendant Griffith Company at or below the posted speed limit[3] as the two were returning from lunch.[4] Mr. Ziemer was a passenger in this vehicle as it approached the Norfolk Southern railroad crossing.[5] Both Mr. Martin and Mr. Ziemer were employed by Defendant.[6] Only Mr. Martin, however, is alleged to have been furthering the interests of Defendant at that time.[7]

Just as the vehicle operated by Mr. Martin reached the railroad crossing, a Norfolk Southern train traveling eastward reached the same location.[8] At that moment, Mr. Martin attempted to cross at the designated railway crossing.[9] In so doing, Mr. Martin both failed to keep watch concerning the presence of the train

---

[2] Amended Compl. (ECF No. 44) ¶ 12, at 3.
[3] Id. ¶¶ 13, 15, at 3.
[4] Plaintiff's Brief In Opposition (ECF No. 60) at 2.
[5] Amended Compl. (ECF No. 44) ¶ 14, at 3.
[6] Id. ¶ 48, at 13.
[7] Id.
[8] Amended Compl. (ECF No. 44) ¶ 16, at 3.
[9] Id. ¶ 18, at 4.

and failed to brake in sufficient time to avoid the crash.[10] The vehicle was struck by the oncoming Norfolk Southern Train; Mr. Martin and Mr. Ziemer were both killed.[11]

The Complaint subsequently brought by Plaintiff Shauna Ziemer, the former wife and executrix of the Estate of Darrin E. Ziemer, contains eight counts against Defendants Norfolk Southern Railway Company, Clinton Township, Griffith Company, and the Estate of Howard E. Martin, Jr. Directly pertaining to the instant Motion to Dismiss are Counts Five and Six in which Plaintiff alleges a wrongful death and survival action against Griffith Company.[12]

On April 17, 2017, Defendant Griffith Company filed the instant Motion for Summary Judgment based on the recent court approval of a workers' compensation claim settlement.[13] This motion has since ripened for this Court's disposition.

## II. ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] A fact is "material" where it "might affect the outcome of the

---

[10] Id. ¶ 49, at 13.

[11] Id. ¶¶ 18-19, at 4.

[12] Id. at 13-14.

[13] ECF No. 63.

[14] Fed. R. Civ. P. 56(a).

suit under the governing law."[15] A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party."[16]

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.[17] The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.[18]

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[19] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations,

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[16] *Id.*

[17] *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).

[18] *Id.* at 331.

[19] *Anderson*, 477 U.S. at 250.

or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[20]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[21] Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[22]

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.[23] Credibility determinations are the province of the factfinder, not the district court.[24] Although the court may consider any materials in the record, it need only consider those materials cited.[25]

In the instant matter, the facts of record, read in the light most favorable to Plaintiff, demonstrate that Defendant Griffith Company is entitled to summary

---

[20] Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.

[21] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).

[22] Fed. R. Civ. P. 56(e)(2).

[23] *Anderson*, 477 U.S. at 249.

[24] *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

[25] Fed. R. Civ. P. 56(c)(3).

judgment. Specifically, in support of its Motion for Summary Judgment, Griffith Company has attached a public docket indicating that Shauna Ziemer was granted workers' compensation benefits in the state of California.[26] Plaintiff, in response does not contest this finding.[27] California's Workers' Compensation Act[28] provides an employee's exclusive remedy against his or her employer for injuries arising out of and in the course of employment.[29] This exclusivity provision specifically states:

> Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer.[30]

Here, the undisputed facts indicate that Shauna Ziemer, as Executrix of the Estate of Darrin E. Ziemer, is now receiving workers' compensation benefits

---

[26] ECF No. 63, Exhibits 2-3.

[27] ECF No. 66.

[28] *See Holliday v. Personal Products Co.*, 939 F.Supp.402 (E.D.Pa. 1996)(granting summary judgment to defendant "on the grounds that, as plaintiff's employer at the time of the injury, it is entitled to workers' compensation tort immunity under the New Jersey Workers' Compensation Act); *see also Kelly v. Guyon General Piping, Inc.*, 882 F.2d 108, 110 (4th Cir. 1989)(quoting 4 A. Larson, *The Law of Workmen's Compensation* § 88.11, at 16–133 to 16–139 (1989))("It is generally held that, if a damage suit is brought in the forum state by the employee against the employer or statutory employer, the forum state will enforce the bar created by the exclusive-remedy statute of a state that is liable for workmen's compensation as the state of employment relation, contract, or injury. Thus, although the local state might ... give the affirmative benefit of its own compensation act as to this employee, thereby asserting its right to apply its own statute to the exclusion of the foreign statute, it does not follow that the foreign statute will be disregarded when the employee is trying to get out of the compensation system altogether and back into the common-law damage system.... [I]f the defenses created by the foreign state are not enforced, irremediable harm to the employer is the result.").

[29] *Melendrez v. Ameron International Corp.*, 193 Cal.Rptr.3d 23, 30 (Cal.Ct.App. 2015).

[30] *Id.* (quoting Cal. Lab. Code § 3602).

against Griffith Company. As such, pursuant to the California Workers' Compensation Act, those benefits are her exclusive remedy against Darren Ziemer's employer, Griffith Company.

**AND NOW**, in accordance with the above reasoning**, IT IS HEREBY ORDERED** that:

1. Defendant Griffith Company's Motion for Summary Judgment (ECF No. 63) is **GRANTED**. All claims and cross claims asserted against Griffith Company are hereby dismissed with prejudice from the above captioned matter.

2. Defendant Griffith Company/s Motion to Dismiss (ECF No. 55) is **DENIED AS MOOT**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge