IN THE UNITED DATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION<br>: DOCKET NO. 4:16-CV-01001 |
| NORFOLK SOUTHERN RAILWAY COMPANY, CLINTON TOWNSHIP, GRIFFITH COMPANY AND ESTATE OF HOWARD E. MARTIN, JR. | : |
| Defendants | : |

## DEFENDANT MARTIN'S MOTION FOR SUMMARY JUDGMENT

1. Plaintiff, as Executrix of the Estate of Darrin E. Ziemer, commenced this action on May 26, 2016 by the filing of a Complaint. (ECF No. 1). Plaintiff's Complaint relates to the death of Darrin Ziemer on August 15, 2014, as a result of an accident at a railroad crossing.

2. On the aforesaid date, Darrin E. Ziemer was a passenger in a truck rented by Griffith Company and operated by Defendant Howard E. Martin, Jr. (Amended Complaint, ECF No. 44, ¶ 14, at 3; *see also* Memorandum Opinion and Order, ECF No. 70, at 2). The vehicle in which Mr. Ziemer was riding collided with a Norfolk Southern train.

3. Both Mr. Ziemer and Mr. Martin died in the accident. (Amended Complaint, ECF No. 44, ¶ 18-19, at 4; *see also* ECF No. 70, at 3).

4. At the time of the accident, Mr. Martin was an employee of Griffith Company, driving a Griffith Company vehicle and furthering the interests of Griffith Company. (Amended Complaint, ECF No. 44, ¶ 48 at 13).

5. At the time of the aforesaid accident, Mr. Ziemer was an employee of Griffith Company. (Amended Complaint, ECF No. 44, ¶ 48, at 13; *see also* ECF No. 70, at 2).

6. Because both Martin and Ziemer were employees of Griffith Company, Martin is entitled to "co-employee immunity" from suit under either the Pennsylvania or California Workers' Compensation Acts.

7. This court recently granted the Motion for Summary Judgment of Griffith Company, finding that the California Workers' Compensation Act provided an exclusive remedy for the Plaintiff's decedent against his employer for injuries arising out of and in the course of his employment. (ECF No. 70, at 6.).

8. The Estate of Howard Martin is also entitled to summary judgment based on the California Workers' Compensation Act.

9. The Plaintiff applied for and received workers' compensation benefits

from the State of California. A copy of the order approving the Compromise and Release in the workers' compensation action is attached hereto and marked as "Exhibit A." (*see also* ECF No. 70, at 6).

10. California Workers' Compensation law, specifically Section 3601(a) of the California Labor Code, provides immunity for a co-employee from a suit arising from the death of an employee that is alleged to be the responsibility of another employee of the employer acting within the scope of his or her employment:

> Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment....[1]

11. There are two exceptions to the co-employee immunity set forth in Section 3601(a) of the California Labor Code, neither of which is applicable here. The exceptions relate to when the injury or death is proximately caused by either a willful and unprovoked physical act of aggression of the other employee, or the intoxication of the other

---

[1] The Pennsylvania Workers' Compensation Act also contains a similar provision providing co-employee immunity. See 77 P.S. §72.

employee.

12. Neither of the exceptions to the co-employee immunity provision of the California Labor Code are pled in the complaint. Rather, the allegations against the Estate of Howard Martin sound in negligence, for failing to keep watch or brake in sufficient time to avoid the train. (ECF No. 44, ¶ 49, at 13; *see also* ECF No. 70, at 3).

13. Accordingly, because California law provides that the Workers' Compensation Act is the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, summary judgment should be granted to the Estate of Howard Martin.

14. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(a).

15. This court has found that California Workers' Compensation law governs. (ECF No. 70, at 6). Because the California Workers' Compensation law does not permit an action against a co-employee under the facts pled by Plaintiff, the Estate of Howard Martin is entitled to judgment as a matter of law.

WHEREFORE, it is respectfully requested that this court grant the Estate of Howard Martin's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and enter judgment in favor of the Estate of Howard E. Martin, Jr. and against all other parties.

**MITCHELL GALLAGHER P.C.**

BY: /s/ Gary L. Weber
Gary L. Weber I.D. 37648
Attorney for Estate of Howard Martin, Jr.
10 West Third Street
Williamsport PA 17701
(570)323-8404
(570)323-8585 facsimile
glw@mitchellgallagher.com