IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| SHAUNA ZIEMER, as Executrix of the Estate of Darrin E. Ziemer, Plaintiff | : : : : | |
| vs. | : : | Docket No.  4:16-cv-01001 |
| NORFOLK SOUTHERN RAILWAY COMPANY and | : : : | Complaint filed 05/26/2016 |
| GRIFFITH COMPANY and | : : | JURY TRIAL DEMANDED |
| CLINTON TOWNSHIP and | : : | Judge Matthew W. Brann |
| ESTATE OF HOWARD E. MARTIN, JR. and | : : | |
| EAST COAST RIGHT OF WAY MAINTENANCE, INC. Defendants | : : : | (Filed Electronically) |

## <u>AMENDED COMPLAINT</u>

NOW COMES the Estate of Darrin E. Ziemer, by Executrix Shauna Ziemer, and files the following Amended Complaint and states as follows:

1.     The plaintiff, Shauna Ziemer, is the Executrix of the Estate of Darrin E. Ziemer.   Ms. Ziemer is the former wife of Darrin E. Ziemer and the mother of Zachary Ziemer, the only child of Darrin.  Ms. Ziemer has been appointed as the Executrix of the above-captioned estate as indicated in the attached short certificate. (See Exhibit "A")

2.     Zachary Ziemer is an individual and resident of the state of Nebraska

with an address of 11441 County Road 73, Bayard, Nebraska  69334.  Zachary is a minor and the only surviving child of Darrin E. Ziemer.

3.     Lawrence and Chris Ziemer are the parents of Darrin E. Ziemer with an address of 39302 Highway 20 East, Burns, Oregon.

4.     The defendant, Norfolk Southern Railway Company "hereinafter referred to "Norfolk Southern") is a corporation with a business address of 110 Franklin Road SE, Roanoke, Virginia and a registered office address in Pennsylvania in care of CT Corporation, Two Commerce Square, 2011 Market Street, 5th Floor, Philadelphia, Pennsylvania 19103.

5.     Norfolk Southern owns, operates and maintains a railroad line which runs through Clinton Township, Lycoming County, Pennsylvania.

6.     The facts and occurrences hereinafter related took place on or about August 15, 2014 at a railroad crossing labeled as "526744M US DOT" owned, operated and maintained by Norfolk Southern.

7.     Clinton Township is a municipality with an address of 2106 Rt 54 Hwy, Montgomery, Lycoming County, Pennsylvania.

8.     Clinton Township owns and maintains a township road known as Brick Church Road in Clinton Township, Lycoming County, Pennsylvania which intersects the above referenced railroad crossing.

9.     Griffith Company is a corporation with a business address of 3050

East Birch Street, Brea, California that was operating and doing construction work at the Panda Plant located in Clinton Township, Lycoming County, Pennsylvania. The Panda Plant was in the close vicinity of the above referenced township road and railroad crossing.

10.    Howard E. Martin, Jr. is deceased and Angela Lynne Martin is the Executrix of the Estate with an address of 923 East Wingate Street, Covina, California 91724.

11.    Defendant East Coast Right of Way Maintenance, Inc. is a Tennessee corporation duly authorized to conduct business in the Commonwealth of Pennsylvania with a principal office located at 717 Kevin Lane, Lenoir City, Tennessee 37772.

12.    At all times material to plaintiff's causes of action, defendant East Coast Right of Way Maintenance, Inc. was the owner, possessor, maintainer, inspector, in control of, and responsible for safety on Brick Church Road at the railroad grade crossing US DOT 526744M.

13.    At all times material to plaintiff's causes of action, defendant East Coast Right of Way Maintenance, Inc. was responsible for vegetation control, management and maintenance on Brick Church Road at the railroad grade crossing US DOT 526744M.

14.    The matter in controversy exceeds $100,000.00, exclusive of interest

and costs and is between citizens of different states.  Accordingly, this court has jurisdiction pursuant to 28 U.S.C. 1332.

15.     On or about August 15, 2014, Howard E. Martin, Jr. was traveling northbound on the township road known as Brick Church Road, approaching the Norfolk Southern railroad crossing.

16.     At that time and place, Mr. Martin was operating a Griffith Construction rented truck.

17.     Darrin E. Ziemer was a passenger in the truck driven by Mr. Martin, as it approached the Norfolk Southern railroad crossing.

18.     Mr. Martin was traveling at or below the posted speed limit as he approached the railroad crossing, traveling northbound on Brick Church Road.

19.     At that same time, a Norfolk Southern train was operating in an eastbound manner approaching the Brick Church Road railroad crossing.

20.     Brick Church Road and the railroad crossing had inadequate sight lines that posed an unreasonable risk to motorists traveling lawfully upon the highway.

21.     Because of overgrown and uncontrolled vegetation at and adjacent to the railway crossing (US DOT 526744M) it is believed and therefore averred that Mr. Martin was unable to see the approaching train and, upon information and belief, the individuals operating the approaching train, including Mr. Bubnis and

Mr. Moffet, could not see the vehicle driven by Mr. Martin until a collision was unavoidable.

22.     At or about the above-mentioned date and time, Howard E. Martin, Jr. attempted to cross the Norfolk Southern line at the designated railroad crossing and was struck and fatally injured in a violent collision with the Norfolk Southern train.

23.     As a result of the aforementioned crash, Darrin E. Ziemer suffered fatal injuries.

24.     As a result of the aforesaid injuries sustained by plaintiff, the estate was forced to incur liability for medical treatment and claim is made therefor.

25.     As a result of the aforementioned injuries, the plaintiff has suffered a loss of earnings, loss of earning capacity and uncompensated work loss and claim is made therefor.

## COUNT ONE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Norfolk Southern Railway Company

26.     Paragraphs 1 through 25 are incorporated herein by reference.

27.     The death of Darrin E. Ziemer was the direct and proximate result of the negligence of the named defendants as indicated.

28.     On or before August 15, 2014 and at all times relevant hereto, defendant Norfolk Southern had a responsibility for safety at the railroad grade crossing; owned, operated, inspected and maintained the railroad grade crossing;

and had a responsibility for warning signs present at or near the aforementioned crossing.

29.    On or before August 15, 2014, Norfolk Southern, through it's inspectors, track inspectors, engineers, maintenance personnel, operational personnel, train crews, agents and/or employees knew, or in the exercise of reasonable care, should have known that extra hazardous conditions existed at the abovementioned railroad grade crossing.

30.    On or before August 15, 2014, defendant Norfolk Southern had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the railroad grade crossing for motorists on the roadway approaching the intersection.

31.    On or before August 15, 2014, Norfolk Southern, through it's officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety at it's crossing independently of publically funded programs. Norfolk Southern adopted a corporate policy and practice to not evaluate safety at it's crossings independent of publically funded programs through municipal, state or federal government agencies.

32.    As a proximate cause of one or more acts or omissions of defendant Norfolk Southern, the plaintiff sustained injuries that resulted in his death.

33.    On or before August 15, 2014 and at all times relevant hereto, the

above-referenced railroad crossing:

     a.    was not equipped with automatic crossing gates, or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop;

     b.    was not provided a flagman at the crossing to warn motorists of the approach of a train at the crossing and the requirement to stop; (Uniform Vehicle Code Section 11-701)

     c.    was not equipped with a YIELD or STOP sign to warn motorists traveling northbound or southbound on Brick Church Road of the presence of a railroad grade crossing and the requirement to look for approaching trains; (Uniform Vehicle Code Section 11-701; MUTCD Section 8B.04)

     d.    was not equipped with an advance warning sign or pavement markings for motorists traveling northbound or southbound on Brick Church Road to further warn motorists of the presence of a railroad grade crossing ahead; (MUTCD Section 8B.04 and 8B.06)

     e.    had a non-standard approach grade which was too steep, creating a dangerous and unsafe crossing for northbound or southbound motorists; (AREMA Section 8.2.1.5 Roadway Approach Grade)

     f.    had insufficient Track Sight Distance for a southbound motorist to view the presence of a train ahead due to lack of advance warning sign and non-standard approach grade at the railroad grade crossing; (Rail-Highway Grade Crossing Handbook, US Dept of Transportation; MUTC D Section 2C.05) and

     g.    had severely insufficient Approach Sight Angle for a southbound motorist to plainly view an approaching westbound train due to obstructions of vegetation and fixed objects located on and off the railroad right of way.

     34.    An appropriate engineering study, sight line study, or survey of the vegetation and fixed objects creating obstructions, performed on the US DOT #

526744M railroad grade crossing prior to August 15, 2014, would have revealed that the crossing was unsafe and should have had active traffic control devices and grade improvements, or be recommended for crossing closure. (23 CFR 646.214)

35.    On or before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and employees, including but not limited to: Todd Michael Bubnis (engineer) and James Ernest Moffet (conductor), had a duty to operate the subject train in a reasonably safe manner and to adequately warn motorists of the approach of such train.

36.    On and before August 15, 2014, Norfolk Southern, by and through its duly authorized agents and/or employees, including Todd Michael Bubnis and James Ernest Moffet, did one or more of the following negligent and/or careless acts or omissions:

a.    operated a railroad train without keeping a proper and sufficient lookout;

b.    proceeded at a speed which was greater than reasonable and proper;

c.    failed to decrease speed so as to avoid colliding with another vehicle;

d.    failed to warn vehicles that the train was approaching;

e.    failed to sound its whistle a sufficient time prior to the train's arrival at the crossing;

f.    failed to place the train in "emergency" within a reasonable time period;

g.     permitted and allowed trains to operate over the US DOT # 526744M railroad grade crossing at a time when there were not adequate warning devices in place;

h.     permitted and allowed trains to operate over the US DOT # 526744M railroad grade crossing when they each knew that vegetation and fixed objects were present in the line of sight of an oncoming motorist in one or more quadrants of the crossing;

i.     Owned, maintained and permitted trains to operate over the US DOT # 526744M railroad grade crossing when it was extra hazardous; and

j.     failed to operate the train in a reasonably safe manner.

37.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

**COUNT TWO**
**SURVIVAL**

**<u>Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.
Norfolk Southern Railway Company</u>**

38.    Paragraphs 1 through 37 are incorporated herein by reference.

39.    The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the fright, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT THREE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

40.    Paragraphs 1 through 39 are incorporated herein by reference.

41.    On or before August 15, 2014 and at all times relevant hereto, Clinton Township:

      a.    had a responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M; and

      b.    owned, operated, inspected and maintained Brick Church Road approaching US DOT # 526744M railroad grade crossing and certain warning signs present at or near the aforementioned crossing.

42.    On and before August 15, 2014, Clinton Township, through its inspectors, engineers, maintenance personnel, operational personnel, road crews, agents and/or employees, knew, or in the exercise of reasonable care should have

known, that extra hazardous conditions existed on Brick Church Road at the US DOT # 526744M railroad grade crossing.

43.    On and before August 15, 2014, Clinton Township, through its officers, directors, engineers, employees and agents, knew that it had a duty to evaluate and maintain safety on its roadways, including the roadway approach and across US DOT # 526744M railroad grade crossing.

44.    On and before August 15, 2014, Clinton Township had a duty to act with reasonable care in the ownership, inspection, maintenance and operation of the roadway approaching and across US DOT # 526744M railroad grade crossing for motorists, including but not limited to Darrin E. Ziemer.

45.    As a proximate cause of one or more acts or omissions of Clinton Township, Darrin E. Ziemer sustained injuries that resulted in his death on August 15, 2014.

46.    On or before August 15, 2014 and at all times relevant hereto, the Township was negligent, as Brick Church Road:

> a.    was not equipped with automatic crossing gates, or automatic flashing lights to actively warn a motorist of an approaching train and the requirement to stop;
>
> b.    was not provided a flagman at the crossing to actively warn motorists of the approach of a train at the crossing and the requirement to stop;
>
> c.    was not equipped with a YIELD or STOP sign to warn motorists traveling northbound or southbound on Brick Church

Road of the presence of a railroad grade crossing and the
requirement to look for approaching trains;

d.   was not equipped with an advance warning sign or pavement
markings for motorists traveling northbound or southbound on
Brick Church Road to further warn motorists of the presence of
a railroad grade crossing ahead;

e.   had a non-standard approach grade which was too steep,
creating a dangerous and unsafe crossing for northbound or
southbound motorists;

f.   had insufficient Track Sight Distance for a southbound motorist
to view the presence of a track ahead due to lack of advance
warning sign and non-standard approach grade at the railroad
grade crossing; and

g.   had severely insufficient Approach Sight Angle for a
southbound motorist to plainly view an approaching westbound
train due to obstructions of vegetation and fixed objects located
on and off railroad right of way.

47.    Had an appropriate engineering study, sight line study, or survey of
the vegetation and fixed objects creating sight obstructions and roadway been
performed on the US DOT # 526744M railroad grade crossing prior to August 15,
2014, it would have revealed that the crossing was unsafe and should have had
active traffic control devices.

48.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. §
8301, including but not limited to: hospital, medical, funeral, burial and estate
administration expenses incurred; loss of contributions the family would have
received; support to the family; loss to the family of the services, societies,

friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

### COUNT FOUR
### SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Clinton Township

49.    Paragraphs 1 through 48 are incorporated herein by reference.

50.    The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

### COUNT FIVE

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

51.    Paragraphs 1 through 50 are incorporated herein by reference.

52.    At the time of the crash, Howard E. Martin, Jr. was an employee, driving a Griffith Company vehicle, furthering the interests of Griffith Company

and within the scope and course of his employment as follows:

      a.    on information and belief, Mr. Martin was a resident of California and was hired to work at the Panda Power Plant for Griffith Company; and

      b.    as part of his employment contract and out of state assignment, Howard E. Martin, Jr. was provided a Griffith company van at the company's expense for transportation to and from work with remuneration for fuel.

53.    Howard E. Martin, Jr. failed to keep alert or maintain a proper watch for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

54.    Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. § 8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SIX
## SURVIVAL

### Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs. Griffith Company

55.    Paragraphs 1 through 54 are incorporated herein by reference.

56.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

## COUNT SEVEN

**Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.**
**Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.**

57.     Paragraphs 1 through 56 are incorporated herein by reference.

58.     Howard E. Martin, Jr. failed to keep alert or maintain a proper watch for the presence of the Norfolk Southern train and failed to brake in sufficient time to avoid the crash.

59.     Accordingly, plaintiff seeks damages pursuant to 42 Pa. C.S.A. §8301, including but not limited to: hospital, medical, funeral, burial and estate administration expenses incurred; loss of contributions the family would have received; support to the family; loss to the family of the services, societies, friendship, guidance, love and affect of the decedent; and any other relief the court deems just and appropriate, pursuant to relevant statutes.

WHEREFORE, plaintiff demands judgment against the defendant; together

with interest, cost of suit and any other relief the court deems just and appropriate.

**COUNT EIGHT**
**SURVIVAL**

**<u>Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.</u>**
**<u>Angela Lynne Martin, Executrix of the Estate of Howard E. Martin, Jr.</u>**

60.     Paragraphs 1 through 59 are incorporated herein by reference.

61.     The plaintiff claims damages on behalf of the decedent, including but not limited to: loss of earnings; loss of earning capacity; the freight, shock and/or fear of death or serious bodily harm suffered by the decedent and any and all conscious pain and suffering experienced and/or suffered by the decedent prior to his death.

WHEREFORE, plaintiff demands judgment against the defendant; together with interest, cost of suit and any other relief the court deems just and appropriate.

**<u>COUNT NINE</u>**
**<u>NEGLIGENCE</u>**

**<u>Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer vs.</u>**
**<u>Defendant East Coast Right of Way Maintenance, Inc.</u>**

62.     Paragraphs 1 through 61 are incorporated herein by reference.

63.     On and before August 15, 2014, and at all times material to plaintiff's cause of action, East Coast Right of Way Maintenance, Inc. had responsibility for safety on Brick Church Road at the railroad grade crossing US DOT #526744M.

64.     On and before August 15, 2014, and at all times material to plaintiff's

cause of action, defendant East Coast Right of Way Maintenance, Inc. was

responsible for vegetation management and control at and adjacent to US DOT

#526744M railroad grade crossing pursuant to a written contract or agreement it

had entered into with defendant Norfolk Southern.

65.     On and before August 15, 2014, and at all times material to plaintiff's

cause of action, defendant East Coast Right of Way Maintenance, Inc. failed to

control and/or manage vegetation at and adjacent to US DOT #526744M resulting

in impeded sight-lines for vehicles and trains entering the grade crossing.

66.     The negligence of defendant East Coast Right of Way Maintenance,

Inc. consisted of the following:

    a.      creating and maintaining a dangerous and unsafe railroad
            grade crossing for motorists on Brick Church Road by
    having a non-standard approach grade which was too steep
    (AREMA (American Railway Engineering and
    Maintenance of Way Association) Section 8.2.1.5 Roadway
    Approach Grades);

    b.      failing to provide and ensure sufficient Track Sight
            Distance for a southbound motorist on Brick Church Road
            to view the presence of a track ahead due to lack of advance
    warning signs and non-standard approach grade at the
    aforementioned railroad grade crossing (Rail-Highway
    Grade Crossing Handbook, U.T. Dept. of Transportation;
    Federal Highway Administration, MUTCD Section 2C.05);

    c.      failing to provide and ensure a sufficient Approach Sight
            Triangle for southbound motorists on Brick Church Road
            to plainly view an approaching westbound train due to
    obstructions of vegetation and fixed objects located on and
    off the railroad right of way (Rail-Highway Grade Crossing

Handbook, Table 32; U.S. Dept. of Transportation, Federal
Highway Administration).

67.    On and before August 15, 2014, defendant East Coast Right of Way
Maintenance, Inc. through its inspectors, engineers, maintenance personnel,
operational personnel, road crews, agents and/or employees knew, or in the
exercise of reasonable care should have known, that extra hazardous conditions
existed on Brick Church Road at the aforementioned railroad grade crossing due to
overgrown and uncontrolled vegetation.

68.    On and before August 15, 2014, defendant East Coast Right of Way
Maintenance, Inc. through its officers, directors, managers, engineers, agents,
and/or employees knew that it had a duty to control, manage and clear the
vegetation at the aforementioned railroad grade crossing.

69.    On and before August 15, 2014, defendant East Coast Right of Way
Maintenance, Inc. had a duty to act with reasonable care with regard to the
vegetation management and control at aforementioned railroad grade crossing, for
motorists, including Mr. Martin and his passenger, Mr. Ziemer.

70.    Defendant East Coast Right of Way Maintenance, Inc. was negligent
in failing to properly and appropriately control, manage and maintain the
vegetation at the aforementioned railway crossing:

71.    As a direct and proximate result of the conduct set forth above:

a.    plaintiff's decedent, Mr. Ziemer, experienced pain and suffering;

b.    plaintiff's decedent died;

c.    plaintiff's decedent's family and heirs experienced financial loss, payment of medical bills, as well as funeral expenses;

d.    plaintiff's decedent's family and heirs lost the ability to maintain and sustain a family relationship;

e.    plaintiff's decedent's family and heirs lost the right to future maintenance and support; and

f.    plaintiff's decedent's family and heirs and plaintiffs decedent lost such other valuables and sustained such other damages as are appropriately allowed by Pennsylvania law.

WHEREFORE, plaintiff Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer, claims damages from defendant East Coast Right of Way Maintenance, Inc., jointly and severally with the other defendants in an amount in excess of $75,000.00 plus interest and costs of prosecution.

RESPECTFULLY SUBMITTED,

HAGGERTY HINTON & COSGROVE LLP

Date: 7/18/17_____      By:  /s/J. Timothy Hinton, Jr., Esq._____
                              J. Timothy Hinton, Jr., Esq.
                              PA ID. 61981
                              Michael F. Cosgrove, Esq.
                              PA ID. 47349
                              203 Franklin Avenue
                              Scranton, PA 18503
                              (570) 344-9845

timhinton@haggertylaw.net
mikecosgrove@haggertylaw.net
Attorneys for Plaintiff,
Shauna Ziemer, as Executrix of the
Estate of Darrin E. Ziemer

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Plaintiff's Amended Complaint was served by ECF filing, addressed to the following:

David J. MacMain, Esq.
dmacmain@macmainlaw.com
John P. McAvoy, Esq.
jmcavoy@macmainlaw.com
*Attorneys for Clinton Township*

Jessica L. HarlowEsq.
jharlow@mitchellgallagher.com
Gary L. Weber, Esq.
glw@mitchellgallagher.com
*Attorneys for the Estate of Howard E. Martin, Jr.*

Joshua D. Bonn, Esq.
jbonn@nssh.com
Craig J. Staudenmaier, Esq.
cjstaud@nssh.com
*Attorneys for Norfolk Southern Railway Company*

William E. Schaefer
William.schaefer@zurichna.com
*Attorney for East Coast Right of Way Maintenance, Inc.*

Date: 7/18/17                              /s/J. Timothy Hinton, Jr., Esq.
                                            J. Timothy Hinton, Esquire
                                            Attorney for Plaintiff