# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUNA ZIEMER, *as Executrix of the Estate of Darrin E. Ziemer*, <br><br> Plaintiff, <br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, CLINTON TOWNSHIP, ESTATE OF HOWARD E. MARTIN, JR., EAST COAST RIGHT OF WAY MAINTENANCE, INC., <br><br> Defendants. | No. 4:16-CV-1001 <br><br> (Judge Brann) |

## MEMORANDUM OPINION AND ORDER

### February 8, 2018

On August 15, 2016, Old Republic Insurance Company filed a Motion to Intervene in this action, pursuant to Federal Rule of Civil Procedure 24(b), 'Permissive Intervention.' I denied this motion without prejudice with leave to renew the motion until such time Plaintiff, Shauna Ziemer, received workers' compensation benefits on behalf of the deceased, Darren E. Ziemer - as Old Republic Insurance Company's subrogation interest was not then "certain and definite."

Presently, before the Court is Old Republic Insurance Company's second Motion to Intervene, pursuant to Rule 24(a), 'Intervention of Right.' This motion now be granted. Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who… claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"A potential intervenor must satisfy four criteria to succeed on a motion pursuant to Rule 24(a)(2): (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."[1]

I note the following. No party has objected to the motion to intervene. The motion is timely, as it was filed in accordance with my previous Order. Old Republic Insurance Company has a sufficient interest in this litigation, as it has a potential subrogation right to $692,603.62. It's subrogation right may be impaired if intervention was denied. Finally, no other party can adequately represent Old Republic Insurance Company's interest in this litigation.

---

[1] *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (Fisher, J.) (internal citations omitted).

**AND NOW**, **IT IS HEREBY ORDERED** that Old Republic Insurance Company's Second Motion to Intervene, October 17, 2017, ECF No. 105 is GRANTED.

                                            BY THE COURT:

                                       *s/ Matthew W. Brann*
                                        Matthew W. Brann
                                        United States District Judge