# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUNA ZIEMER *as Executrix of the Estate of Darrin E. Ziemer*, <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, CLINTON TOWNSHIP, ESTATE OF HOWARD E. MARTIN, JR., EAST COAST RIGHT OF WAY MAINTENANCE, INC., <br><br> Defendants. | No. 4:16-CV-01001 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### MARCH 1, 2018

### I. BACKGROUND

On May 26, 2016, Plaintiff, Shauna Ziemer as Executrix of the Estate of Darrin E. Ziemer, filed a complaint against several defendants, including, as relevant here, the Estate of Howard E. Martin, Jr (hereinafter "Estate of Martin"), and Norfolk Southern Railway Company (hereinafter "Norfolk Southern") following a collision between a Norfolk Southern train and a Griffith Company truck. Two Griffith Company employees, Howard E. Martin, Jr., the driver, and Darrin E. Ziemer, his passenger, died in the collision.

On June 1, 2017, I dismissed a defendant, the Giffith Company, as Plaintiff was awarded workers' compensation benefits pursuant to California's Workers' Compensation statute, "the exclusive remedy against his or her employer for injuries arising out of and in the course of employment."[1] On June 22, 2017, the Estate of Howard E. Martin, Jr. filed a motion for summary judgment that is the subject of this memorandum opinion. Interestingly, an opposing brief was not filed by Plaintiff, but instead by codefendant Norfolk Southern. The matter has been fully briefed and is now ripe for disposition. The motion will be granted and the Estate of Martin dismissed as a defendant in this matter.

## II. DISCUSSION

### A. Standard of Review

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."[2] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of

---

[1] Memorandum Opinion and Order, June 1, 2017, ECF No. 70, *citing Melendrez v. Ameron International Corp.,* 193 Cal.Rptr.3d 23, 30 (Cal.Ct. App. 2015).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[3] Fed. R. Civ. P. 56(a).

the person with the burden of proof on the disputed issue is correct."[4] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[5] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[6]

"[T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[7] Thus, "[i]f the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[8] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[9] "The judge's inquiry, therefore, unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly

---

[4] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) and *Celotex*, 477 U.S. at 322).

[5] *Clark*, 9 F.3d at 326.

[6] *Id.*

[7] *Liberty Lobby, Inc.*, 477 U.S. at 252.

[8] *Id.*

[9] *Id.*

proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'"[10]

Summary judgment therefore is "where the rubber meets the road" for a plaintiff. The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery. "In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party."[11]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[12] "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[13]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be

---

[10] *Id. (quoting Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).

[11] *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (Fisher, J.).

[12] *Celotex*, 477 U.S. at 323 (internal quotations omitted).

[13] *Id.*

resolved in favor of either party."[14] For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[15]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"[16] Moreover, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[17] On motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record."[18]

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether

---

[14] *Liberty Lobby*, 477 U.S. at 250.

[15] Fed. R. Civ. P. 56(c)(1).

[16] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003) (Weis, J.).

[17] Fed. R. Civ. P. 56(e)(2).

[18] Fed. R. Civ. P. 56(c)(3).

there is a genuine issue for trial."[19]  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[20]  "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[21]

**B.    Undisputed Facts**

On August 15, 2014, Howard E. Martin, Jr., hereinafter "Martin," was driving a vehicle leased by his employer, Griffith Company, with his coworker, Darrin E. Ziemer, hereinafter "Ziemer," riding in the passenger's seat.  Their vehicle collided with a Norfolk Southern train and both men were killed.

**C.    Analysis of California Law**

The Estate of Martin and Norfolk Southern both agree that the State of California Worker's Compensation Law governs this matter.  California Labor Code § 3601 provides, as follows:

> (a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, except that an employee, or his or her dependents in the event of his or her death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply, in either of the following cases:

---

[19] *Liberty Lobby*, 477 U.S. at 249.

[20] *Id*.

[21] *Id*. at 249–50 (internal citations omitted).

> (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee.
> (2) When the injury or death is proximately caused by the intoxication of the other employee.
>
> (b) In no event, either by legal action or by agreement whether entered into by the other employee or on his or her behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by the other employee under paragraph (1) or (2) of subdivision (a).
>
> (c) No employee shall be held liable, directly or indirectly, to his or her employer, for injury or death of a coemployee except where the injured employee or his or her dependents obtain a recovery under subdivision (a).[22]

The Estate of Martin argues that neither of the two enumerated exceptions found at subsections (a)(1) and (2) of the statue apply, therefore, the action must be dismissed as to the estate as a matter of law. Norfolk Southern, on the other hand, argues that the Estate of Martin should remain as a defendant in this matter, because although Ziemer and Martin were travelling in a vehicle leased by their employer, Griffith Company, they were returning to work after a lunch break when the fatal collision occurred. Norfolk Southern argues that it is a question of fact as to whether Martin was acting within the scope of his employment while returning from the lunch break.

Norfolk Southern is, however, collaterally estopped from advancing this argument. The Estate of Martin's argues persuasively that: "Based upon the

---
[22] Cal. Lab. Code § 3601.

award of workers' compensation benefits to Plaintiff in California, there has already been a finding, adopted by this Court [in the undersigned's June 1, 2017 Memorandum Opinion and Order], that Ziemer's traveling in the vehicle was 'arising out of, and in, the course of employment.'"[23] In the June 1, 2017 Memorandum Opinion I wrote,

> [A] public docket indicat[es] that Shauna Ziemer was granted workers' compensation benefits in the state of California… California's Workers' Compensation Act provides an employee's exclusive remedy against his or her employer for injuries arising out of and in the course of employment. *Melendrez v. Ameron International Corp.*, 193 Cal.Rptr.3d 23, 30 (Cal.Ct.App. 2015). This exclusivity provision specifically states:
>
>> Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer. *Id.* (quoting Cal. Lab. Code § 3602).[24]

In light of the fact that the California courts have concluded that Ziemer was acting in the course of employment, I cannot now hold that he and Martin were not acting in the course of that employment. Such a determination would violate basic principles of federalism and, frankly, logic.

---

[23] ECF No. 92 at 4.

[24] Memorandum Opinion and Order, June 1, 2017, ECF No. 7, at 6.

## III. CONCLUSION

Accordingly, because neither of the two enumerated exceptions found at subsections (a)(1) and (2) of the California Labor Code § 3601 are applicable, the Motion for Summary Judgment filed by the Estate of Howard E. Martin, Jr. is granted. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge